City of Hannibal v. Guyott.

———•○•———

THE CITY OF HANNIBAL, Respondent, *vs.* GUYOTT, Appellant.

18 515
32a 101

1. The act of March 10th, 1849, repealing the act of February 16th, 1847, amendatory of the act concerning "Inns and Taverns," (R. C. 1845,) left all the provisions of the act of 1845 in full force, and thereafter the holder of a tavern license was permitted to sell intoxicating liquor, in less quantity than one quart. The act of 1847 being an *amendatory*, and not a repealing act, the provision of our statute that the repeal of a repealing act shall not revive the original, does not apply.
2. A city ordinance cannot abridge the rights of the holder of a previously issued tavern license, in regard to the sale of intoxicating liquors.

*Appeal from Hannibal Court of Common Pleas.*

*Richmond* and *Harrison*, for appellant. The act of 1847 did not repeal the act of 1845, but merely added a condition, which had to be complied with before the tavern keeper could sell liquors. The repeal of the act of 1847, in 1849, left the law as it was in 1845, without the condition imposed by the act of 1847. If this is so, then the license to the defendant, dated January 3, 1853, gave him a vested right to sell liquor

for one year, and this right could not be impaired by any subsequent ordinance of the city of Hannibal. 3 Story's Comm. on the Cons. 257–64. *Dartmouth College* v. *Woodward*, 4 Wheat. 518, 624. *Terrett* v. *Taylor*, 9 Cranch, 52.

*Green & Hawkins*, for respondent. The charter of the city of Hannibal gave the city power to pass the ordinance for a violation of which, the defendant is prosecuted. The court did not err in refusing to permit the defendant to read his tavern license in evidence, because, at the time it was issued, it did not, nor does it now, confer upon the holder the privilege of vending intoxicating liquors, in less quantities than one quart. The law concerning "inns and taverns," approved March 18, 1835, and incorporated into the revision of 1845, so far as it related to the sale of intoxicating liquors by virtue of any license issued under it, was abrogated by the act approved February 16th, 1847; and there is no other way by which the privilege to sell intoxicating liquor, in less quantities than one quart, can be acquired in this state, than by a compliance with the provisions of the statute entitled "groceries and dram shops." (R. C. 1845.) It is true that the law of 1847 was itself repealed by the act of 1849; but this repealing act did not revive the law of 1845, so as to confer upon the holder of a tavern license the privilege of selling intoxicating liquors. (See art. 3, sec. 1, of act concerning "laws," (R. C. 1845.) If, however, the law, as it stands, gives to the holder of a tavern license the privilege of selling intoxicating liquors, as contended for, then we insist that such privilege is restrained, so far as the limits of the city of Hannibal are concerned, by the ordinance passed in pursuance of the authority conferred by the charter.

RYLAND, Judge, delivered the opinion of the court.

This action was brought before the recorder of the city of Hannibal, to recover the penalty for a violation of the city ordinance concerning the sale of intoxicating liquors. The city

obtained judgment for one hundred dollars, the amount of the penalty, and the defendant appealed to the Hannibal Court of Common Pleas. The plaintiff again recovered judgment for the penalty, and the defendant having failed in his motion for a new trial, prosecutes his appeal in this court.

From the bill of exceptions it appears that the city of Hannibal passed an ordinance on the 6th of April, 1853, to regulate the sale of intoxicating liquors within the city. There is no question about the making and publishing of the ordinance, the incorporation of the city, or the sale of the liquors, as charged. The defendant below admitted, that he had sold intoxicating liquors at a house on Front street, within the city of Hannibal, at the times and in the quantity and to the person as charged by the plaintiff, and admitted that the ordinance on which the proceedings in this case were founded, had been duly passed and published, as required by the charter of the city. The plaintiff read the original act of incorporation of the city and the act amendatory thereof; then offered to read the ordinance to regulate the sale of intoxicating liquors within the city of Hannibal, approved April 6th, 1853, which is as follows :

Be it ordained by the city council of the city of Hannibal : Sec. 1. No person shall, directly or indirectly, sell intoxicating liquors in this city who has not been licensed as a grocer or dram-shop keeper, under the provisions of the statute law of the state, and paid a license tax to the city.

Sec. 2. A grocer or dram-shop keeper is such as he is defined to be by the existing statute of this state.

Sec. 3. A grocer, before he shall directly or indirectly sell or vend intoxicating liquors in this city, shall pay a license tax to the city of two hundred and fifty dollars for every six months.

Sec. 4. A dram-shop keeper, before he shall sell intoxicating liquors in this city, shall pay a license tax to the city of five hundred dollars for every six months.

Sec. 5. The term " intoxicating liquor," as used in this ordinance, shall be construed to mean wine and spirituous li-

quors, and any composition of which wine or spirituous liquor is a part.

Sec. 6. Whoever in this city, being a merchant, confectioner, beer-house keeper, dealer in provisions, or any other species of merchandise, and occupying a place or stand for that purpose, shall, at that place or stand, deal out, distribute or give away to another, intoxicating liquor, shall be deemed to have sold it, as much as if compensation were directly paid for it, and upon conviction, shall forfeit and pay for every such offence, a fine of one hundred dollars.

Sec. 7. No person in this city shall, directly or indirectly, sell or deliver to another, any intoxicating liquor on the day of the week commonly called Sunday, except for medicinal purposes.

Sec. 8. No grocer or dram-shop keeper shall sell intoxicating liquor in more than one place in the city at a time, nor shall the license of a grocer or dram-shop keeper be assignable or transferable.

Sec. 9. This ordinance shall not be so construed as to prevent a druggist from selling wine and spirituous liquors for sacramental and medicinal purposes, in quantities not exceeding one quart, if directed to do so by the prescription of a practising physician.

Sec. 10. Whoever shall violate any provision of this ordinance shall, upon conviction, forfeit and pay a fine of one hundred dollars for the first offence, and one hundred and fifty dollars for each subsequent offence, to be collected by action of debt as other fines are collected.

Sec. 11. This ordinance shall take effect from and after its publication, but shall not be so construed as to affect the rights of any person who is licensed as a grocer or dram-shop keeper at the time of its passage, during the unexpired term of such license.

The defendant objected to the giving of this ordinance in evidence ; his objection being overruled, he excepted.

The defendant then offered in evidence a tavern license,

granted to him by the county court of Marion county, in proper form under the statute, for one year from the third day of January, 1853 ; to the giving of which in evidence before the jury, the plaintiff objected. The Court of Common Pleas sustained the objection, and refused to permit the defendant to give in evidence his tavern license. To this act of the court the defendant excepted. It was admitted by the plaintiff, that the license to keep the tavern offered to be read in evidence, was for the tavern house occupied by the defendant in the city of Hannibal during the time he was charged with violating the city ordinance. It was also admitted, that the defendant had applied to the city authorities for a license to keep a tavern within the corporation, which was denied him.

1. The main question here presented is, does the license to keep a tavern authorize the person to whom it is granted, to sell intoxicating liquors in less quantity than a quart ? If this question be answered in the affirmative, then another arises as to the effect of the ordinance of the city of Hannibal upon the license of the defendant in this case to keep a tavern.

In 1835, the legislature passed a statute concerning inns and taverns. This act was, in 1845, again inserted in the digest of the laws passed at that session. The sections one and two of which are as follows :

Sec. 1. "Hereafter no person within this state shall, without a tavern license continuing in force, directly or indirectly sell, barter or deliver, or knowingly permit to be sold, bartered or delivered, for or on his or her account, any wine or spirituous liquor by less quantity than one quart, or any composition of which wine or spirituous liquor shall be a part, by less quantity than one gallon, to be delivered to one person at one time, without collusion or fraud."

Sec. 2. "No person, without such tavern license shall, under any color or pretence, keep a tavern, or knowingly suffer or permit any wine or spirituous liquor, or any composition of which wine or spirituous liquor forms a part, to be sold, bartered or delivered by him or her, or on his or her account, to

be used or drank in his or her house, shop, store or out-house, shed, booth, stall, shelter, boat, yard, plantation, lot or other premises occupied by him or her, or under his or her control."

Under these provisions, tavern-keepers with license were permitted to sell liquors in less quantities than one quart, and might permit the liquors thus sold to be drank at the place where the same were sold.

In 1847, the legislature passed an act amendatory of this act concerning "inns and taverns," which declared that "no person, by virtue of any tavern license, shall be authorized to sell intoxicating liquors in any quantity less than one quart, nor in any quantity to be drank at the place of sale; but the county court of the proper county may grant to any tavern-keeper a license to keep a dram-shop, upon such applicant paying the tax and complying with the provisions of the law concerning dram-shops." This act was not to be in force in the county of St. Louis; was to take effect from its passage, and was approved February 16th, 1847. In 1849, March 10th, the legislature repealed this act of 1847.

The act of 16th February, 1847, did not repeal the act of 1835; it was declared to be amendatory of this act; it did not profess to repeal this act, nor was it the design of the legislature to repeal the act of 1835, which had been incorporated in the digest of 1845, but to add other and further restraints to the provisions of this act. The principle, therefore, invoked in this case, of the repeal of a repealing statute not reviving the original law, does not apply.

In order to apply this rule of construction, the statute must, at least, repeal or profess to repeal the former law or some clause or provision of it. The legislature designed to change the English rule of construction, which was, that the repeal of a repealing statute was the revival of the statute first repealed. If we are correct, in supposing that the act of 1847 did not repeal the act of 1835 and 1845, respecting inns and taverns, but that it only added a further restraint to those already contained therein, then it must follow, that the removal of this

additional restraint by the repeal of the act of 1847, left the act of 1835 and 1845 as it originally stood, and there can be no doubt of the right of a person licensed under this last act, as a tavern-keeper, to sell spirituous liquors in less quantity than a quart, with permission to drink the same at his tavern stand. The defendant, in this case, offered his tavern license, dated January 3d, 1853, continuing in force for one year. It was rejected on the plaintiff's motion.

2. By the authority of the city ordinance of 6th April, 1853, this license to the defendant, as tavern keeper within the city of Hannibal, was so far abolished as to render him liable to the city for breach of its ordinance. The defendant had full authority, under his license as tavern keeper, to sell spirituous liquors at his tavern in the city of Hannibal, from the 3d of January, 1853, for one year. He had paid the state and county tax on this license; he was enjoying the privileges conferred by the license. In April, 1853, the plaintiff, by her ordinance, renders the acts of the defendant which, under his license, were legal, no longer legal, so far as her ordinance interferes, but highly penal.

It is the opinion of this court, that the ordinance of the city of Hannibal, regulating the sale of intoxicating liquors, is inoperative, so far as it regards the privileges and rights of the defendant in this case, under his pre-existing license; that the city ordinance cannot destroy the license which was in existence at and before the passage of the ordinance. Had the ordinance been in force at the time the defendant applied for and obtained his license, it would have altered the case. The restraint of the sale of intoxicating liquors, as a police regulation, the city had power to provide for; but it cannot, by its ordinances, take away the vested rights and privileges of its citizens, sanctioned and created by law. Until the expiration then of the defendant's license, as a tavern keeper, the ordinance cannot embrace him.

The judgment of the Court of Common Pleas of Hannibal is reversed, Judge Scott concurring; Judge Gamble not sitting.