THE CITY OF INDEPENDENCE, Respondent, *vs.* NOLAND, Appellant.

1. A tavern license cannot authorize the holder to sell liquor within the limits of an incorporated city, in violation of an ordinance previously passed in pursuance of a power conferred by the charter.

*Appeal from Jackson Circuit Court.*

Noland was fined in the mayor's court of the city of Independence, for selling liquor within the limits of the city, and appealed to the Circuit Court. By the 11th section of the charter, (Sess. Acts of 1853, p. 67,) the mayor and board of councilmen were authorized "to restrain, prohibit and suppress tippling houses, dram-shops and the sale of spirituous liquors." Under the authority thus conferred, an ordinance was passed prohibiting the sale of liquor within the city limits, except for medicinal and mechanical purposes, which took effect on the 1st of January, 1854. On the 6th of September, 1854, the county court of Jackson county issued a license to the defendant under the act concerning "Inns and Taverns," (R. C. 1845,) authorizing him to keep an inn and tavern in the city of Independence. The sale of liquor for which defendant was prosecuted, took place during the continuance of this license. The defendant, being convicted in the Circuit Court, appealed to this court.

*Adams*, for appellant. 1. The 11th section of the city charter must be construed in reference to the general law of the state. It was not the intention of the legislature to divest themselves of the power to grant licenses to tavern keepers in the city of Independence. (9 Mo. 526. 11 Mo. 61, 431.) 2. The legislature could delegate no power to the city to pass a law inconsistent with the laws of the state. (State Const. art. 3, § 1.)

*Wm. M. Cooke* and *Thos. E. Yeatman*, for respondent. 1. The right of the legislature to delegate to municipal corpo-

City of Independence v. Noland.

rations the power to pass police laws, is beyond question. 2. If the power of legislation conferred upon a corporation is inconsistent with an antecedent law, such antecedent law must be considered as abrogated within the limits of the corporation upon the exercise of the power. 3. The power " to suppress" the sale of liquor within the city is a nullity, if the county court could authorize it by license. ( *City of Hannibal* v. *Guyott*, 18 Mo. Rep.)

LEONARD, Judge, delivered the opinion of the court.

No doubt exists as to the competency of the legislature to confer upon the people of any place the usual powers of local government, and in the exercise of this power, they have given to the people of Independence authority to restrain, prohibit and suppress tippling houses, dram-shops, and the sale of spirituous liquors (Sess. Acts, 1853, p. 64, § 11). Although, under the general law, the county courts are empowered to grant tavern licenses, and persons are thereby authorized to retail spirituous liquors, yet here is a special authority to prohibit the sale of them within the limits of this city, and when it is exercised by the passage of an ordinance to that effect, the act of selling in that place is unlawful. The privilege of retailing there cannot be conferred by the county court. No other construction can be given to this provision, without altogether annulling it. If the county court of Jackson county can license the sale of spirituous liquors in Independence, contrary to an ordinance of the city, then the local authorities have not the power of prohibiting it. The general rule, that local ordinances are subordinate to the general law of the land, has no application in this case. This prohibition, if within the power conferred upon the local government by the legislature, is as obligatory upon all who are subject to that government as if it were the act of the general legislature itself.

In the *City of Hannibal against Guyott*, (18 Mo. Rep. 515,) it was decided that, after a license had been lawfully

granted by the county court, it was not competent to the city government, by an ordinance, to annul the privilege the party had purchased from the state ; that it was a vested right of which he could not be deprived. This, however, is not the present case. Here, the ordinance was in force when the license was granted, and so the party never acquired any legal right to sell spirituous liquors in Independence. The legislature authorized the corporation to prohibit the sale of them there, and so the same authority that conferred upon the county courts general power to grant tavern licenses in their respective counties, authorized this corporation to prohibit the sale of intoxicating liquor within its limits, and this special power must have effect as a limitation upon the general authority. The judgment is clearly right, and is affirmed.