THE STATE *ex rel.* NIMROD J. KYGER, Petitioner, *v.* JUSTICES OF HOLT COUNTY COURT, Respondents.

1. *Construction of Statutes—Evidence.*—In construing statutes, the word "may" will be considered as mandatory only for the purpose of sustaining or enforcing, but not for creating a right:

2. *Dram-shops—Licence.*—Although a party applying for a dram-shop licence may show himself to possess all the qualifications requisite for the issuing of a licence under the statute (G. S. 1865, ch. 98), the County Court may still, in the exercise of its discretion, refuse to grant such licence.

### Petition for Mandamus.

*Woodson & Jones*, for petitioner.

I. The statute regulating the granting of a licence to keep a dram-shop does not vest a discretionary power upon the subject in the County Court—G. S. 1865, ch. 98, §§ 2, 5, 7, 8, 9, 12, 14.

II. Under the statute, he who complies with the provisions thereof, and is, in the opinion of the Court County, a person of good moral character, may of right demand the licence of the County Court; and when the court refuses to issue the licence to such person under such circumstances, the court

may be compelled to do so by a peremptory mandamus— Austin v. State, 10 Mo. 591. The important question in this case is whether, under our law, a County Court may refuse to grant a dram-shop licence, when a person qualified under the law and in pursuance of the law applies for it.

Sec. 2 declares that "no person shall, directly or indirectly, sell intoxicating liquors in any quantity less than one gallon without taking out a licence as a dram-shop keeper." But for this provision all persons might sell intoxicating liquors. This section of the act contains the only prohibition of the traffick to be found in our statute. So far as dram-shop keepers are concerned, this prohibition is not an absolute but a qualified one. When the act declares that it shall not be done without a licence, is not the implication inevitable that a licence may be had for the purpose?

The 4th section is in the following words : "Application for a licence as dram-shop keeper shall be made in writing to the County Court, and state where the dram-shop is to be kept; and if the court shall be of opinion that the applicant is a person of good moral character, the court may grant a licence for six months." The only discretion confided to the County Court is to determine whether or not the applicant is a person of good moral character. This is almost expressly decided in the case of Austin v. State, 10 Mo. 594.

The Legislature passed the law under which the petitioner applied for a licence, and was refused by the defendant as a revenue measure. Not only a large sum has to be paid for a licence to keep a dram-shop under the provisions of the 7th sec. of the act, but the 5th section imposes an *ad valorem* tax upon all liquors received and sold under the licence. When we remember the revenue realized under the provisions of the act, we cannot believe for a single moment that the Legislature intended to invest the County Courts with the power of annihilating it.

If we are right in concluding that all who comply with the law, and who, in the opinion of the County Court, are persons of good moral character, and entitled to a licence, if they

wish it, as dram-shop keeper, it must follow as a necessary consequence that the word "may" in the 4th sec. of the act must be construed to mean *shall*—Wheeler v. Chicago, 24 Ills. 105; Cutter v. Howard, 9 Wis. 309; Nave v. Nave, 7 Ind. 122; 9 How. (U. S.) 248; 5 Johns. Ch. 113; 5 Cow. 193; 1 Pet. 64; 1 Kent's Com. note *b.*, t. p. 517.

All of the cases and authorities go to establish this doctrine: that in all cases where the word "may" is used in a statute, it shall be construed to mean *shall* whenever the rights of third parties or those of the public are involved. The courts all say where third parties have an interest in the matter, or where public rights are involved, then the word "may" shall be regarded as imperative.

FAGG, Judge, delivered the opinion of the court.

This is a petition asking for a mandamus to compel the justices of the County Court of Holt county to issue to the relator a licence to keep a dram-shop. It is shown by the petition that, at the August term, 1866, of said court, and upon his application made in conformity with the requirement in all respects of the statute in such cases, a licence was granted to the said Nimrod J. Kyger to keep a dram-shop at the city of Oregon in said county, for the period of six months thereafter; that his application for a renewal of said licence for another period of six months was again presented at the February term, 1867, of the said court, and that the same was refused. To this petition a demurrer is filed, which presents but one question for the consideration of this court. The relator being admitted to be a person of good character within the meaning of section 4, chapter 98 of General Statutes of Missouri, 1865, can the County Court of Holt county lawfully refuse to issue a dram-shop licence to him after a full compliance upon his part with all the conditions and requirements imposed by the statute? This section, after stating how the application shall be made, and what statements it shall contain, concludes as follows: "And if the court shall be of opinion that the applicant is a person of good

character, the court *may grant* a license for six months."
It is very earnestly insisted upon the part of the counsel for
the petitioner that the words "may grant," as here used, are
not permissive merely, but they ought to be judicially con-
strued to be imperative. In other words, that whenever it
could be shown that the applicant has complied with all
the requirements of the statute, the County Court has no
discretionary power in the premises, and the licence must be
granted as a matter of right. Quite a list of authorities,
touching the proper construction of the word "may" as used
in statuary enactments, has been presented in the petition-
er's brief, all of which have been carefully examined. These
authorities are uniformly to the effect that the word is only
to be construed as mandatory for the purpose of sustaining
or enforcing a right, but never to create one. It cannot be
said in this case that the petitioner has a legal right which
he is seeking to enforce by this proceeding.

The case of Austin v. The State, 10 Mo. 591, is, we think,
directly in point here. It was there held, that, "whenever
the Legislature prohibits any calling or profession, it ceases to
be a lawful pursuit"; and when the Legislature do not pro-
hibit it, but allow it to be exercised by certain persons, hav-
ing certain qualifications specified in the law, it then be-
comes a "municipal privilege." In cannot be said with
propriety, as we think, that it is the policy of our laws to
regard the business of dram-selling in any other light than
as a mere privilege, granted under restrictions and condi-
tions that clearly imply a tendency to effect injuriously the
public morals, and therefore not to be encouraged either by
the laws themselves or the courts of the country. The busi-
ness, then, which the retailer seeks to engage in is not a mat-
ter of personal right, nor one that the interests of the public
at large demands that he should be permitted to carry on. It
is contended further that a construction of this statute which
places the whole matter within the discretionary power of
the County Court, would confer upon that tribunal an au-
thority which might be exercised so as to lessen materially

the revenue of the State. Of course this is based upon the idea that this act in relation to dram-shops is intended as a revenue measure rather than one to restrain and control, as far as possible, by legal restrictions, an evil which it was not considered wise or expedient to attempt to prohibit altogether. It is not necessarily to be treated by the Legislature as a legitimate source of revenue to the State, but only becomes so incidentally; and the County Court being, as we think, fully invested with discretionary powers in cases of this sort, may exercise the same, subject to the limitations and restrictions absolutely imposed by statute.

The other judges concurring, the demurrer is sustained, and the peremptory madamus refused.