THE STATE OF MISSOURI ex rel. JAMES F. BROWN, Relator, v. C. P. STIFF, Mayor, et al., Respondents.

### Kansas City Court of Appeals, February 1, 1904.

1. **MUNICIPAL CORPORATIONS: Dramshop Ordinance: Petition: County License.** An ordinance relating to the granting of dramshop licenses in a municipality, set out in the opinion, does not make it compulsory on the council of such municipality to grant a city license to an applicant who has qualified himself under the ordinance and obtained a license from the county court.

2. **————: Dramshop License: Qualified Applicant: Council's Discretion: Mandamus.** Whether a dramshop license shall be granted is a matter within the discretion of the city council, even though the applicant be qualified in every way; and such discretion can not be controlled by mandamus. (Cases considered.)

Original Proceeding in Mandamus.

WRIT DENIED.

*J. H. Chinn, Guy B. Park* and *Wilson & Wilson* for relator.

(1) All requirements of the ordinances of the said city of Edgerton having been complied with by relator, mandamus will lie to compel the issuance of the license. State ex rel. Baker, 32 Mo. App. 98; State ex rel. Ruark, 34 Mo. App. 325; State ex rel. Chase, 42 Mo. App. 352; State ex rel. Cook, 174 Mo. 120, 121; St. Louis v. Weitzel, 130 Mo. 602, 620; St. Louis v. Mfg. Co., 139 Mo. 560; Henry v. Burton, 107 Cal. 535; Brock v. State, 65 Ga. 437; Zanone v. Mound City, 103 Ill. 552; Mayor of Rome v. Duke, 19 Ga. 93; Ex Parte Reynolds,

87 Ala. 138. (2) Mandamus will not lie to control the judgment or discretion of an inferior court, for this in effect, would be to substitute the opinion of the superior for that of the inferior court.    High on Ex. Leg. Rem., secs. 171, 176, 156; State ex rel. v. Megown, 89 Mo. l. c. 157; State ex rel. v. Tracy, 94 Mo. 217, 220; Beck v. Jackson, 43 Mo. 117; State ex rel. v. Marshall, 82 Mo. 484; Williams v. Cooper Court Common Pleas, 27 Mo. 225; State ex rel. v. Lubke, 85 Mo. 338. (3) Certainly in view of this unanimity of authorities and of the admission of respondents that ''on the 19th day of October, 1903, the county court issued to relator on his application and a petition therefor, a license regular on its face, to keep a dramshop on lot 7 in block 4, Edgerton, Missouri,'' and of the admission of the judgment of the county court thereon in respondents' return, respondents will not be permitted, in this proceeding, to question the jurisdiction or judgment of the county court.

*Sidney Beery, E. C. Hall, Culver, Phillip & Spencer* for respondents.

(1)    Mandamus will not lie to control the discretion of a tribunal acting in a judicial capacity or direct it to render a particular judgment.    State v. Fladd, 108 Mo. 614; Dunklin Co. v. County Court, 23 Mo. 449; State ex rel. v. McGowan, 89 Mo. 156; State ex rel. v. Field, 37 Mo. App. 83; State v. Oliver, 116 Mo. 188; State v. Board of Health, 103 Mo. 22.    (2)    The granting of a dramshop license by a county court rests in the discretion of the county court and its action can not be controlled by mandamus.    State ex rel. v. Hudson, 13 Mo. App. 61; State ex rel. v. Meyers, 80 Mo. 601; Dean v. Burton County Court, 33 Mo. App. 635.    (3) And so it has been squarely held in this State that the proceeding of a board of alderman of a city of the fourth class (such as Edgerton is) in passing on an ap-

plication for a dramshop license is judicial. (4) Under the statute it was not lawful for respondents to issue a city license or the county court to issue a county license until a petition signed by the requisite number of tax-paying citizens should "be filed in the office of the clerk of the county court not less than ten (10) days before the first day of the court to which it is to be presented and to remain on file for public inspection and by said clerk laid before the court at the next term thereafter."

ELLISON, J.—The relator is an applicant for a license to keep a dramshop in the town of Edgerton. The respondents are the mayor and aldermen of that town. Relator obtained an alternative writ of mandamus, and respondents have now made return. The facts are agreed upon.

The town of Edgerton is of the fourth class and contains less than two thousand inhabitants. Among the ordinances of the town is the following relating to dramshop license:

"Section 81. Any person who shall directly, or indirectly sell any intoxicating, fermented or distilled liquor in less quantity than three gallons, either in the original package or otherwise, within the corporate limits of this city, without first having obtained a license as dramshop keeper, according to the provisions of the laws of this State, and of these ordinances, shall be deemed guilty of a misdemeanor.

"Section 82. A dramshop license shall not be granted to any person who shall have been convicted of a violation of the ordinances of this city, relating to the sales of intoxicating liquors, nor to any drunkard; and no license shall in any case be granted to any person, who shall not have previously presented a proper petition to the county court of this county, and obtained a license from such court, to keep and maintain a dramshop in this city.

"Section 83. Every person who shall desire to

keep a dramshop in this city, shall file an application with the board of aldermen, stating the name of the party so desiring the license and the ward and street, together with the lot and block, where such dramshop is desired, and that the applicant has obtained a proper license therefor from the county court of this county. No license for a dramshop shall be for a period of less than six months, to correspond with the date and expiration of the license obtained from the county court. The board shall in no case refund any portion of the license tax collected for such license, nor shall any such license be transferable.

"Section 84. Every person to whom a dramshop license may be granted by the board of aldermen, shall pay a license tax of $300 for every period of six months, to be paid in advance before a license shall be delivered. And no such license shall authorize the keeping of more than one dramshop at the same time under such license."

The relator presented a petition to the county court of Platte county and obtained from that court a license for six months. He thereupon made application for a town license to the town council, composed of those respondents, which was refused. He possessed all the qualifications required by the statute and the ordinances aforesaid in order to be a dramshop keeper. He tendered the amount of the license tax and his bond. For the purposes of this case it may be said that he possessed all the necessary qualifications for a dramshop keeper, and that he did everything which it is required shall be done as a prerequisite to obtaining a license from the town council, unless it be that he should have presented a petition to the council, for that he did not do.

The theory of the relator is that by the ordinance above quoted, when he possessed the qualifications which are therein set out and when he had obtained a license from the county court, he had a right to *demand* a license from the city council. We reject that theory on the double ground that the ordinance should not be

construed as he construes it; and that if it should properly bear that construction, it would be void.

The town and the county are independent entities governed by independent bodies or tribunals, especially as to saloon licenses. No one can legally sell liquors within the limits of the town until he has a license from both town and county. The council, in recognition of this fact, ordained that it would not grant a license to anyone who had not obtained a license from the county court; but it did not ordain that it would grant a license to anyone who did get one from the county court. By this ordinance, the town council prescribes proper and reasonable qualifications for a dramshop keeper, but it by no means said that all who had such qualifications would be granted a license. The language of the ordinance (section 83) aforesaid, that, ''Every person who shall desire to keep a dramshop in the city, shall file an application,'' etc., stating, '' . . . that the applicant has obtained a proper license therefor from the county court,'' is no more authority for the position that if one makes such application he thereby, of right, becomes entitled to the license, than is the language of the general statute (section 2997) that upon the doing of certain things there required, the applicant could compel the issuance of a license. Neither the statute nor the ordinance intended to vest a right, but each merely intended to fix a qualification for those to whom a privilege could be granted.

As just said, the council is powerless to enact an ordinance of the character relator says this one is. The granting a saloon license in cases like this is a matter of discretion. And the council can not by a present ordinance grant away its future discretion. It is as powerless as is a Legislature to enact a law that at some future time it will not enact some other law.

The city council to perform its duty as contemplated by law must exercise its discretion on each application

as it is made, unbound by any notion of absolute or contractual right in the applicant, and uncontrolled by any prior action of the county court. The county court is one degree farther removed from the people of a town than the council. There are other considerations to be thought of in passing upon a dramshop license than the mere statutory qualification (state or municipal) of the applicant. It may be apparent to the council that too many are engaging in the business for the well being of the town; and it may be manifest that the place where it is sought to be located is not for the best. These, and other suggestions which might be made, demonstrate that the council has no right or power to surrender its discretion in advance, or to delegate its functions to the county court. The wisdom of this is illustrated in this case. For it is one of the admitted facts that the petition presented to the county court and upon which the county license was issued did not contain (according to the city tax books) the names of a majority of the taxpaying citizens of the town as is required by section 2997 of the statute.

We have been cited to some cases from other States which would sustain relator's position, if we construed the ordinance as he does. But those cases are not at all in harmony with the policy of this State, as has been announced from as far back as 1847. Austin v. State, 10 Mo. 591. In that case, and many others since, it is decided that the business of selling liquor is not a right and can not be likened to the ordinary callings of life; that it is a mere privilege to be granted or withheld at the exclusive discretion of the body empowered to license. State ex rel. v. County Court, 39 Mo. 521; State v. Searcy, 20 Mo. 489; State ex rel. v. Hudson, 78 Mo. 302; State v. Evans, 83 Mo. 322; State v. Bixman, 162 Mo. 21, 22.

As to the case from this State cited by relator (State ex rel. v. Baker, 32 Mo. App. 98) we need not pronounce the view there stated as sound or otherwise,

for it is certain that it has no application here. There, the council exercised its discretion by determining that the applicant should have the license; but at that stage, refused to issue it unless he paid a tax double that required when he presented his application and a motion made that it be granted. The court considered the case as, and likened it to, an attempt to raise the license tax on a license not yet expired, which can not be done. City of Hannibal v. Guyott, 18 Mo. 515.

We have thus shown that the granting a license by a town council is discretionary. It follows that mandamus can not be invoked to control that discretion. State ex rel. v. Hudson, 13 Mo. App. 61; State ex rel. v. Higgins, 84 Mo. App. 531, and other authorities in respondents' brief. Indeed, it is a fundamental rule of law, that whenever courts or other tribunals are in duty bound to exercise their own judgment, no superior court will attempt to exercise it for them.

The foregoing views renders it unnecessary to notice other points made by the respective counsel.

A peremptory writ is denied. The other judges concur.