WILLIAM C. FRASER, APPELLANT, V. TED P. HUNTER, APPLICANT, APPELLEE.

FILED MAY 4, 1914.   No. 18,455.

1. **Intoxicating Liquors:** LICENSE: DISCRETION OF BOARD.   The determination of the locality in which a saloon may be conducted is one which is committed to the good judgment of the licensing body, and not to the discretion of the courts. The courts may investigate whether the law has been complied with as to the facts upon which the right to grant a license depends, but, unless perhaps in extraordinary cases, this is as far as they may go.

Fraser v. Hunter.

2. ———: LICENSE: REVIEW. The facts in evidence *held* to justify the district court in refusing to set aside a saloon license.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*W. C. Fraser* and *George A. Keyser,* for appellant.

*Myron L. Learned* and *Joseph T. Votava, contra.*

LETTON, J.

Appeal from an order of the district court affirming the granting of a saloon license. Two remonstrances were filed. One denies that the applicant is a man of sufficient moral character to be granted a saloon license, alleges that he has within the year last past shown by his conduct that he is an improper person to be licensed to sell intoxicating liquors, and that he has within the last year been guilty of a violation of the statute, and of the ordinances of the city of Omaha with reference to the sale of intoxicating liquors. The other states that the applicant "has permitted women to loiter in and about his place of business, and has permitted them to remain in his place of business in a back room,  *  *  *  and has sold to said women quantities of intoxicating liquors,"· and, as a further ground, it alleges that the neighborhood in the vicinity of the saloon is of a strictly residence character, and the saloon is a nuisance in that particular community.

The errors complained of are with respect to the finding that the applicant was a fit person to be granted a license, in finding that he had not been guilty of selling intoxicating liquors to an habitual drunkard and to minors, of violating the statute in regard to screens and obstructions during the license year of 1913, and in refusing to determine the question as to the locality of the saloon. The testimony with respect to the character of the applicant satisfies us that the burden of proof placed upon the applicant has been fairly met upon this point. The evidence as to the assignment that the applicant had been guilty of sales of liquor to an habitual drunkard is not

entirely free from doubt. It is shown that an old man who lived nearby was frequently seen in an intoxicated condition, but it seems also established that this condition was observed when he came from down-town and when he was going to the saloon, fully as often as at a time when he was coming away from it. The applicant and his bartender both testify they had refused to sell him; at first refusing while he was intoxicated, and after July, 1913, denying it to him on all occasions. There is testimony that this man was seen going to the saloon with an empty bottle, and returning with it apparently containing beer, but there is no definite proof that this occurred after July, 1913. While we are inclined to the view that this man was such an habitual drunkard that sales made to him would be a violation of the law, we are inclined to give the applicant the benefit of the doubt upon the evidence, and to hold that his license should not be refused upon this ground alone. A continuance of sales to this man, however, with the knowledge that the applicant now possesses, we think would constitute a violation of the statute in this respect. The other evidence, with respect to sales to minors and disorderly conduct in and about the saloon, is insufficient to warrant us in reversing the action of the licensing board and of the district court.

The evidence describes occurrences undesirable in residence neighborhoods, but which are not unusual accompaniments of the traffic in intoxicating liquors. However disagreeable such happenings may be, and however bad an example they may set to children of the remonstrants, the statute permits the traffic under certain conditions. The saloon has been in existence there for years. If the licensing board sees fit to allow it to continue in such a neighborhood, that body has the power to do so, and must accept the responsibility.

The determination of the locality in which a saloon may be conducted is one which is committed to the good judgment of the licensing body, and not to the discretion of the courts. The legal principle involved is fully considered in *Jugenheimer v. State Journal Co.*, 81 Neb. 830, and

in *In re Jugenheimer*, 81 Neb. 836, and it is unnecessary to restate the basis on which it rests. The matter is as fully committed to the judgment of the licensing board as that of the location of a road to the discretion of the county commissioners. The courts may investigate whether the law has been complied with as to the facts upon which the right to grant a license depends, but, unless perhaps in extraordinary cases, this is as far as they may go.

We are not convinced that the license should be set aside. The judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.