FORD HOPKINS COMPANY, Appellant, v. CITY OF IOWA CITY et al., Appellees.

No. 40782.

FEBRUARY 9, 1932.

OPINION ON REHEARING MAY 15, 1933.

REHEARING DENIED DECEMBER 14, 1933.

Wheeler, Elliott, Shuttleworth & Ingersoll, for appellant.

Will J. Hayek, and Clark, Byers, Hutchinson & Garber, for appellees.

KINDIG, C. J.—The defendant appellee, city of Iowa City, is a municipal corporation, organized under the laws of Iowa, and the other defendants appellees are, respectively, the mayor, members of the council, and clerk of said city. Ford Hopkins Company, the

plaintiff appellant, is a foreign corporation engaged in the retail drug business throughout the country. It operates a drug store at Iowa City.

While thus conducting its business at Iowa City, the appellant, on July 26, 1930, filed an application with the city council of Iowa City to obtain a permit to sell cigarettes and cigarette papers, under section 1557 of the 1931 Code. Said section provides:

"No person shall sell cigarettes or cigarette papers without first having obtained a permit therefor in the manner provided by this chapter [chapter 78 of the 1931 Code]. Such permit may be granted by resolution of the council of any city or town under any form of government and when so granted, may be issued by the clerk of such city or town. If issued to a person for use outside of a city or town such permit may be granted by resolution of the board of supervisors and when so granted shall be issued by the auditor of the county. Such permit shall remain in force and effect for two years following the July first after its issuance, unless sooner revoked."

After the application of the appellant was thus filed, the city council of Iowa City, on August 1, 1930, passed a resolution granting the permit. During the same council meeting, however, the councilmen adopted a resolution to reconsider, and, upon the reconsideration, the said application of the appellant was denied. Whereupon, the appellant, on October 2, 1930, commenced the present action in the Johnson county district court to obtain a writ of mandamus compelling Iowa City, its council, mayor, and clerk to issue the permit allowing the applicant to sell cigarettes and cigarette papers in Iowa City. The district court denied the writ of mandamus, and the appellant appealed to this court.

I. At the outset, it is argued by the appellant that, because the city council previously had decided to allow the sales of cigarettes and cigarette papers in Iowa City, and had issued permits to certain stores to make such sales, a permit could not now be denied this applicant under the circumstances. To put the thought differently, the appellant contends that the city council may decide the general policy of permitting or not permitting cigarette sales. If the city council decides to permit sales, the appellant contends that then each applicant complying with the statute must receive a permit under section 1557 of the 1931 Code.

A contention similar to that now made by the appellant in this regard was found without merit in Bernstein v. City of Marshalltown, 215 Iowa 1168, 1174, 248 N. W. 26, 28. In the Bernstein case, we said:

"Manifestly, the statute [section 1557 of the 1931 Code] was intended to make the granting of a permit a personal and individual matter between the particular applicant and the city council to whom the application is addressed. When the application is thus made, the city council *may*, under the statute, grant or refuse a license according to its discretion."

II.   But it is said by the appellant that, even though the city council does have such discretion, it is a legal discretion which cannot be exercised arbitrarily, capriciously or discriminatively. This question is not determined by, but was expressly reserved in, Bernstein v. City of Marshalltown, supra. Because of the facts involved in the present controversy it becomes unnecessary here, as it was in the Bernstein case, to decide whether the discretion of the city council in the premises is absolute or limited. Under the record in the case at bar, it is apparent that the city council refused the permit to the appellant because it desired to limit the number of permits to sell cigarettes in Iowa City. The number of permits to sell cigarettes and cigarette papers that may be outstanding at any one time was limited by the city council to fifty-one.

While it was indicated by C. Paul Johnson and J. C. Gussman, employees of the appellant company, and Jacob Van Der Zee, a member of the city council, that the permit was refused because the appellant operated a chain store system, yet, on the other hand, W. L. Bywater, Charles Regan, Lou N. Kaufman, and LeRoy S. Mercer, members of the city council, and J. J. Carroll, the mayor, of Iowa City, testified for the appellees that the sole and only purpose in denying the permit was to limit the number of permits in order to better police the permittees and thereby protect the school children of the community who were minors. There is a prohibition in the statute against selling cigarettes to minors. Many schools are located at Iowa City. Included among the number is the state university, the university high school, the Iowa City high school, grade schools, and parochial schools. According to the record, three thousand minors attend the state university annually. Ford Hopkins Company, the appellant, has located its store in a prominent part

of the city "where young people are passing all the time. They have an attractive front. * * * It has a tendency to bring boys and girls into that store."

Cigarettes apparently had been sold to, and used by, minors, and the council and police force were anxious about controlling the sale and use of cigarettes in the community. Charles Regan testified for the appellees, concerning his reason for voting to limit the number of permits, as follows:

"I believed that we had enough (stores selling cigarettes), as I had the thing brought to my attention by my daughter where two minor friends of hers were trying to buy cigarettes at some of our other stores and they were unable to buy them a couple of months ago. I do not believe in young girls or minors smoking. I have taken the same stand as to all other applicants subsequent to the refusal of the Ford Hopkins Company in August, 1930. Joseph Rinello (another applicant for a permit to sell cigarettes), is a resident of Iowa City, Iowa. I do not know that he runs a chain store. I know that he was not granted a permit."

L. N. Kauffman testified for the appellees as follows:

"I voted against granting a license to the Ford Hopkins Company (the appellant). In so voting, I was not actuated by any desire to injure their place of business or treat the company unfairly. The fact that it was a chain store did not enter into my decision. * * * I thought for a long time that there was enough permits issued and it was time to call a halt, and I voted no."

The other members of the city council who testified for the appellee made statements to the same effect. Not only was the permit denied the appellant, but likewise permits were denied many other stores on the theory that to issue such additional permits would be to exceed the aforesaid limit fixed. When considering the entire record, we are constrained to hold that the preponderance of the testimony indicates that the city council refused the appellant the permit to sell cigarettes and cigarette papers because of its desire, based upon substantial grounds, to limit the number of permits in the community. This conclusion is in accordance with that reached by the district court.

Moreover, as was said in City of Buffalo v. Hill, 79 App. Div. 402, 79 N. Y. S. 449, reading on page 451:

"In an action of this kind, the motives—the animus—of the individual members who compose the council are not pertinent. The presumption always is that in the exercise of a discretionary power by any executive or legislative body a proper motive and a valid reason existed for its action. A public declaration of its reasons would neither be wise nor beneficial, for ordinarily it would not allay the irritation of the one deprived of the favor sought, and the people of the city at large have little concern in the exercise of those official functions which relate to an individual. In considering the question of authority, therefore, we must do so upon the assumption that the municipal body has intended to act for the benefit of the public at large, and that the refusal to grant the license was based upon reasons which it deemed adequate for that action."

A city council may refuse to issue a permit to the appellant because to do so would exceed the limit of permits, fixed for the public benefit. Such limit thus fixed for permits is not arbitrary, capricious, nor discriminatory. As said in State ex rel. Brown v. Stiff, Mayor, 104 Mo. App. 685, 78 S. W. 675, reading on page 676:

"It may be apparent to the council that too many are engaging in the business for the well-being of the town, and it may be manifest that the place where it is sought to be located is not for the best."

For authorities in support of the text quoted, see In re Jugenheimer, 81 Neb. 836, 116 N. W. 966 local citation, 969, 18 L. R. A. (N. S.) 386; Jugenheimer v. State Journal Company, 81 Neb. 830, 116 N. W. 964 local citation, 966; Fraser v. Hunter, 96 Neb. 134, 147 N. W. 124 local citation, 125; Enos v. Hanff, 98 Neb. 245, 152 N. W. 397 local citation, 401; State ex rel. Hawkins v. Harris et al. (Mo. App.) 239 S. W. 564.

Obviously, therefore, under the facts and the authorities above set forth, the city council of Iowa City clearly acted within its discretion in fixing the limit for cigarette permits, and in denying the appellant's application because it exceeded the number thus fixed. When so doing, the city council did not act arbitrarily, capriciously, or discriminatively.

III. In the third place, it is contended by the appellant that the action of the city council in the premises violates its constitutional rights. Continuing its argument, the appellant declares that the refusal of Iowa City to grant it a permit to sell

cigarettes and cigarette papers violates article I, section 8, of, and the Fourteenth Amendment to, the Constitution of the United States of America, and article I, sections 1, 6, 9, of the Constitution of Iowa. Such violation arises, the appellant contends, because the action of the city council denies it the equal protection of the law and deprives it of its property and rights without due process of law and without compensation. See Columbus City v. Cutcomp, 61 Iowa 672, 17 N. W. 47; State v. United States Express Company, 164 Iowa 112, 145 N. W. 451.

Before the enactment of the present law, the sale of cigarettes was prohibited in Iowa. Section 5006 of the 1897 Code. We said in Hodge v. Muscatine County et al., 121 Iowa 482, reading on page 483, 96 N. W. 968, 67 L. R. A. 624, 104 Am. St. Rep. 304:

"As the case involves the constitutionality of certain statutes, it seems necessary, although they are familiar to the profession, to set some of them out in extenso. Section 5006 of the Code [of 1897] forbids in general terms the manufacture, sale, exchange, or disposition of cigarettes or cigarette paper."

Again this court said, in McGregor v. Cone, 104 Iowa 465, reading on page 468, 73 N. W. 1041, 1042, 39 L. R. A. 484, 65 Am. St. Rep. 522:

"The so-called 'Anti-Cigarette Law', being chapter 96, Acts 26th Gen. Assem., prohibits the sale of cigarettes within this state by all persons whomsoever, save jobbers doing an interstate business with customers outside of the state."

When explaining the purpose of this statute, prohibiting the sale of cigarettes, this court, in Taft Company et al. v. Alber, 185 Iowa 1069, on pages 1074 and 1075, 171 N. W. 719, 720, made use of the following language:

"The thought of the Legislature evidently was that the traffic in cigarettes was inimical to the public good and ought to be suppressed. The traffic was made unlawful."

Upon the general subject, see, also, State v. C. C. Taft Co., 183 Iowa 548, 167 N. W. 467, 9 A. L. R. 390; Cook v. Marshall County, 119 Iowa 384, 93 N. W. 372, 104 Am. St. Rep. 283.

As indicated by the excerpts from the decisions of this court, quoted immediately above, the right of the Legislature to pro-

hibit the sale of cigarettes is constitutional so long as it does not apply to cigarettes in the original packages shipped in interstate commerce. Concerning this, we said in Cook v. Marshall County (119 Iowa 384), supra, on page 389, 93 N. W. 372, 374, 104 Am. St. Rep. 283:

"Austin v. Tennessee, supra [179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224], recently decided by the supreme court of the United States, upholds the constitutionality of a statute of Tennessee prohibiting the sale of cigarettes in that state."

The language of the Supreme Court of the United States in the Austin case is important at this juncture. In William B. Austin v. State of Tennessee, 179 U. S. 343, 21 S. Ct. 132, reading on page 134, 45 L. Ed. 224, it is said:

"Cigarettes do not seem until recently to have attracted the attention of the public as more injurious than other forms of tobacco; nor are we now prepared to take judicial notice of any special injury resulting from their use or to indorse the opinion of the supreme court of Tennessee, that 'they are inherently bad and bad only'. [Austin v. State, 101 Tenn. 563, 48 S. W. 305, 50 L. R. A. 478, 70 Am. St. Rep. 703.] At the same time we should be shutting our eyes to what is constantly passing before them were we to affect an ignorance of the fact that a belief in their deleterious effects, particularly upon young people, has become very general, and that communications are constantly finding their way into the public press denouncing their use as fraught with great danger to the youth of both sexes. Without undertaking to affirm or deny their evil effects, *we think it within the province of the legislature to say how far they may be sold, or to prohibit their sale entirely,* after they have been taken from the original packages or have left the hands of the importer, provided no discrimination be used as against such as are imported from other states, and there be no reason to doubt that the act in question is designed for the protection of the public health." (Italics are ours.)

It is indicated in the quoted excerpts from the opinions of this court that section 5006 of the 1897 Code prohibited the sale of cigarettes in Iowa, under the police power of this state, to protect the morals and health of the youth of the state. Upon that basis, it is said by the Supreme Court of the United States, in Austin v.

Tennessee (179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224), supra, that the sale of cigarettes may be regulated or prohibited. When denying the appellant, in the case at bar, the permit to sell cigarettes, the council of Iowa City based their action on the desire to protect the morals and health of the youth of that city, as authorized by the statutes of the state. See Austin v. State of Tennessee (179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224), supra; Harry Gundling v. City of Chicago, 177 U. S. 183, 20 S. Ct. 633, 44 L. Ed. 725.

Section 1557 of the 1931 Code is reinforced by section 1572 thereof, and, as said in Bernstein v. City of Marshalltown, 215 Iowa 1168, 248 N. W. 26, supra, the first-named statute imposes upon the city council the duty to determine who, if anyone, may be rendered immune from the criminal prosecution otherwise following because of a breach of the section named. So, the prohibition contained in section 1557 of the 1931 Code and the penalty for the violation thereof provided in section 1572 are still in effect unless the city council, in its discretion, lifts the ban of prosecution and permits the sale of cigarettes under the later provisions of said section 1557. The city council, when thus lifting the ban, may or may not issue a permit to sell cigarettes and cigarette papers. See the cases cited under the second proposition of this opinion. If the community, under the police power sustained by this court and the Supreme Court of the United States, desires to protect its minors from the use of cigarettes, the city council thereof may legally fix the maximum number of permits that will be issued under the statute. See cases under division II of this opinion. In order to enforce the cigarette law under the police power, it is necessary to provide police officers. Obviously, in the university city of Iowa City, where there are many schools in addition to the state university, the council properly decided that it would restrict the cigarette permits to fifty-one for the reasons before assigned, and, no doubt, because of the limited police force that it had or could provide under its taxing privileges. See cases under division II of this opinion.

It was said, in Larkin Co. v. Schwab, 242 N. Y. 330, 151 N. E. 637, reading on page 639:

"The mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The question is not whether some one else has been favored. The question is whether the petitioner has been illegally oppressed. Exercise of discretion

in favor of one confers no right upon another to demand the same decision."

Under Austin v. State of Tennessee (179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224), supra, the Supreme Court of the United States declared that a state legislature might, under the police power of the state, prohibit the sale of cigarettes entirely. Hence, it being constitutional under the police power of the state to prohibit the sale of cigarettes entirely, it is likewise constitutional to regulate and limit the sale thereof. In re Jugenheimer (81 Neb. 836, 116 N. W. 966, 18 L. R. A. [N. S.] 386), supra; State v. United States Express Co. (164 Iowa 112, 145 N. W. 451), supra; People ex rel. Schwab v. Grant, Mayor, 126 N. Y. 473, 27 N. E. 964; Conly v. Dilley, 153 Iowa 677, 133 N. W. 730. See, also, cases cited in Bernstein v. City of Marshalltown, 215 Iowa 1168, 248 N. W. 26, supra.

When regulating the sale of cigarettes, the council of Iowa City committed no act infringing upon the right of Congress to regulate interstate commerce; nor did said council discriminate against cigarettes manufactured or sold in Iowa and those imported from other states. See Austin v. Tennessee (179 U. S. 343, 21 S. Ct. 132, 45 L. Ed. 224), supra. There being a substantial basis in fact, as well as in law, for the limitation fixed by the city council, it cannot then be said that their action in denying the appellant's application for a permit was arbitrary, capricious, and discriminatory. Bernstein v. City of Marshalltown, supra. See cases cited under division II of this opinion. The city council denied others, as well as the appellant, a permit after the limit of fifty-one had been reached. Under all the circumstances, therefore, it cannot be said that the constitutional provisions named by the appellant in any way have been violated. In order not to be misunderstood, it is again repeated that we do not here decide whether the discretion possessed by the city council under the cigarette law is a legal or an absolute one.

Wherefore the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

EVANS, STEVENS, MITCHELL, ANDERSON, and DONEGAN, JJ., concur.