## FRANK H. KELLEY, trustee, *vs.* WILLIAM S. BARTON & others.

Worcester. October 2, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Assessment of Tax — Remedy — Petition for Abatement.*

If a part of a tax assessed to a person upon his real estate is valid, although for the balance of the real estate assessed to him he is not taxable, the remedy is by petition for abatement and not by bill in equity.

BILL IN EQUITY, against the collector of taxes and the board of assessors of the city of Worcester. The case was reserved by *Hopkins,* J., upon the bill and answer for the determination of this court. The facts appear in the opinion.

*H. Parker*, for the plaintiff.

*A. P. Rugg*, for the defendants.

LORING, J.  The plaintiff brought a bill in equity alleging that on the 14th day of April, 1897, the city of Worcester, by order of the city council, took for a highway about one half of a certain parcel of land owned by him; that on May 1, 1897, the board of assessors of said city assessed a tax upon all said land and the buildings thereon; that on July 1, 1897, the city proceeded to carry into effect said order, and entirely destroyed the buildings which were on the real estate taken; that the collector is about to sell the real estate of the plaintiff not included in the highway for non-payment of the tax.  The plaintiff prays that the collector be enjoined from selling the property, and from collecting " so much of said tax as is or should have been laid upon the property taken or destroyed by said city of Worcester by its said decree; that it may be declared that said board of assessors shall apportion such part of said tax as should be justly laid upon the remaining portion of the plaintiff's said estate."  A temporary injunction was issued by the Superior Court, and the case was reserved upon bill and answer for the determination of this court.

If it be true, (which we do not decide,) that the land covered by the taking of the city made April 14, 1897, was not taxable, the plaintiff's remedy was a petition for abatement, under Pub. Sts. c. 11, §§ 69–76, for it is admitted that the balance of the parcel of land not taken was owned by the plaintiff and was taxable.  *Schwarz* v. *Boston*, 151 Mass. 226. *Lowell* v. *County Commissioners*, 152 Mass. 372, 384.

·The plaintiff had a complete remedy at law, and there is no jurisdiction in equity to enjoin the performance by the collector of taxes of his public duty to secure payment of all taxes committed to him for collection by the assessors, (*Loud* v. *Charlestown*, 99 Mass. 208); much less is there any jurisdiction in this court sitting in equity to reassess a tax already laid, and to determine what part " should be justly laid upon the remaining portion of said real estate," as the plaintiff asks in this bill.  The prayer that this court should enter a decree declaring that the board of assessors shall apportion the tax was abandoned at the argument.                    *Bill dismissed.*