CYNTHIA BATES *vs.* INHABITANTS OF SHARON.

Norfolk.    November 15, 1899. — February 28, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Assessment of Tax — Remedy — Petition for Abatement — Charitable Institution.*

If a part of a tax assessed to a person upon his real estate is valid, although for the balance of the real estate assessed to him he is not taxable, the remedy is by petition for abatement and not by contract for money had and received.

A life tenant may be taxed as the owner of land under Pub. Sts. c. 11, § 13.

Real estate, occupied by a charitable institution for the purpose for which it was incorporated but owned by a third person, is not exempt from taxation.

CONTRACT for money had and received. Trial in the Superior Court before *Braley*, J., who reported the case for the consideration of this court in substance as follows.

On April 23, 1894, the plaintiff made and executed to the

Ella Reed Home, a charitable corporation duly established under
the laws of this Commonwealth, a deed of certain land with
the buildings thereon situated in Sharon, which deed just pre-
ceding the habendum clause contained this language, — " being
the same premises conveyed to me by Samuel B. Thing, lib. 655,
fol. 319, and being hereby conveyed subject to the reservations
herein contained or referred to. The said Cynthia Bates, as
part of the consideration of this deed, reserves the right to use,
occupy and improve the dwelling house on said premises free of
any rent or charge for taxes or otherwise during the term of
her natural life."

On the land on May 1, 1896, and on May 1, 1897, were a
house, an unfinished barn, a new house and two hen-houses.
On May 1, 1896, the assessors assessed the Ella Reed Home for
the real estate and buildings. Subsequently, the taxes having
been found to be invalid by reason of error in their assessment,
on July 25, 1898, they were re-assessed to the plaintiff Cynthia
Bates, " to whom said tax ought at first to have been assessed
for her interest therein."

No application was made to the assessors by the plaintiff for
an abatement of the taxes after they were assessed to her. On
October 18, 1898, the plaintiff paid to the collector of taxes
under written protest the sum of $227.59, being in full for taxes
assessed her for the years 1896 and 1897 and costs and charges
on the same. On May 1, 1896, and May 1, 1897, the plaintiff
was in possession of and occupied the dwelling-house. She tes-
tified that she was there as president of the " Ella Reed Home."
This fact at the time of the assessment of the taxes was not
known to the assessors.

The plaintiff asked the judge to rule that under the language
in the deed she did not take a life estate but simply had a
" license or easement " to occupy the dwelling-house. Secondly,
that if she had a life estate then she could be assessed only for
her interest in the dwelling-house and not for the other buildings
or land outside of it; and might under the evidence recover back
in this action the excess paid.

The judge refused to rule as requested and found and ordered
judgment for the defendant. If the first ruling requested should
have been given, then the plaintiff was entitled to recover the

sum of $227.59 with interest from the date of the writ. If the first ruling requested should not have been given and the second ruling requested should have been given, then the plaintiff was entitled to recover the sum of $112 with interest from the date of the writ; otherwise the judgment was to be affirmed.

*J. W. Spaulding,* for the plaintiff.

*T. E. Grover,* for the defendant.

LORING, J. By virtue of a reservation in the deed, the plaintiff had a life estate in the dwelling-house and the land belonging thereto, including at least the land under it. The provision in the reservation, that the grantor's right of occupation should be "free of any rent or charge for taxes or otherwise," may have the effect of enabling her to recover from the grantee any sum which she has to pay by way of taxes or otherwise while she occupies the estate; but it does not change the nature of the interest or estate reserved to her by the deed.

The taxes on the dwelling-house and land belonging to it were legally assessed to the plaintiff, who, as owner of a life estate in possession, was the owner thereof within Pub. Sts. c. 11, § 13.

It appears that the plaintiff was taxed, not only for the land in which she had a life estate but for the land owned by the Ella Reed Home; since a portion of the taxes were properly assessed to the plaintiff, her remedy, and her only remedy, was a petition for abatement of so much thereof as should have been assessed to the Home. *Kelley* v. *Barton,* 174 Mass. 396.

This conclusion is no way modified by the testimony of the plaintiff that she occupied the dwelling-house as president of the Ella Reed Home. It was not pretended that the plaintiff had released her life estate to the Ella Reed Home, which had the remainder in the dwelling-house, so as to make the Ella Reed Home the sole owner of the house. For that reason, the only effect that can be given to this testimony of the plaintiff is that the Ella Reed Home was occupying the dwelling-house by virtue of some permission or lease given to the Home by her as the legal owner thereof for her life. In such a case, the property does not become exempt from taxation as property of a charitable institution under Pub. Sts. c. 11, § 5, cl. 3. Real estate, occupied by a charitable institution for the purpose for which it was incor-

porated but owned by a third person, is not exempt from taxation.

It follows that both rulings requested were rightly refused, and the entry must be          *Judgment for the defendant affirmed.*