## RICKETTS v. CREWDSON, AS COUNTY TREAS-URER AND COLLECTOR OF TAXES.

Taxation—Injunction—County Board of Equalization—Adding Omitted Property to Assessment Roll—Illegal Taxes—Excessive Assessment—Tender—Pleading—Demurrer—Legal Conclusions Not Admitted by Demurrer—Tax Lien—Tax Receipt—Equity.

1. The County Board of Equalization being authorized to add omitted taxable property to the assessment roll, its action in adding a certain number of cattle to the assessment of a taxpayer, who had returned for taxation real and personal property, including live stock, will not, though erroneous, render the tax illegal, but will constitute a mere excessive assessment and overvaluation of personal property, and will not authorize an injunction to restrain the collection of the tax, in the absence of fraud.

2. Where it is impossible to determine from the petition, in an action to enjoin the collection of a tax, whether the sum alleged to have been tendered covered all the taxes except those alleged to be illegal, the petition must be held defective on demurrer.

3. Though several tracts of land owned by a taxpayer are assessed en masse, and some of the tracts are erroneously described, thus placing them in the wrong school district, the tax will not be thereby rendered illegal and void, so as to authorize an injunction to restrain its collection, where the taxpayer made no effort to have the errors corrected by the Board of Equalization, and the valuation is not shown to be excessive for the lands assessed actually belonging to the taxpayer, omitting the tracts erroneously described.

4. A taxpayer is not entitled to an injunction to restrain the sale of his real estate for taxes, though he may have tendered the amount of the tax levied thereon, where his unpaid taxes on personal property are a lien upon such real estate for which the same may be sold.

5. A demurrer does not admit statements of legal conclusions not warranted by the facts on which they are predicated, nor inference from facts which do not support them.

6. In an action to enjoin the collection of a tax, a statement in the petition that the board acted illegally and arbitrarily

in adding property to plaintiff's assessment is a legal conclusion, and, not being supported by the facts set out in the petition, is not admitted by demurrer.

7. The petition stating that plaintiff had real and personal property in the county subject to assessment for taxation, the alleged action of the Board of Equalization in adding other personal property to plaintiff's assessment was not void for lack of jurisdiction, but, if erroneous, the action of the board would render the assessment excessive merely.

8. Anything done by the County Board of Equalization, within the purview of the statute authorizing it to add to the assessment roll any taxable property not included in the assessment as returned by the assessor, is an exercise of judicial discretion, hence, so long as it does not exceed its jurisdiction, its actions cannot be said to be illegal.

9. The statute (R. S. 1899, Sec. 1785) providing the remedy by injunction to restrain the collection of illegal taxes does not apply to taxes based upon mere excessive assessments.

10. An allegation that the County Board of Equalization, in adding personal property to plaintiff's assessment, acted without sufficient evidence, does not support the statement that the board acted arbitrarily, nor raise any jurisdictional issue upon which equity can be invoked, since the board is not required by statute to hear evidence as a condition precedent to correcting the assessment roll.

11. A statement that the Board of Equalization acted arbitrarily in adding personal property to plaintiff's assessment is not sufficient to amount to an allegation of fraud, without setting out facts that constitute fraud.

12. So long as taxes due upon the personal property of a taxpayer remain unpaid, which are a lien upon his real estate by statute, the tax collector is not obliged to accept ·the tax on the realty and receipt therefor, since a tax receipt would be written evidence that all taxes against the realty had been paid.

13. A court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and it will not revise their decisions upon matters within their discretion, if they have acted honestly.

[Decided March 20, 1905.]                (79 Pac., 1042.)
[Rehearing denied June 7, 1905.]          (81 Pac., 1.)

ERROR to District Court, Crook County, HON. JOSEPH L. STOTTS, Judge.

Action by W. P. Ricketts against E. A. Crewdson, as County Treasurer and Collector of Taxes of the County of Crook, to enjoin the collection of taxes levied against the plaintiff upon real and personal property. A general demurrer was sustained to the petition, and the plaintiff refusing to further plead, judgment was rendered for defendant. The plaintiff prosecuted a proceeding in error for the review of the judgment. The facts are stated in the opinion.

*Nichols & Adams,* for plaintiff in error.

The plaintiff had the right to pay the taxes assessed against his real property and obtain a receipt therefor without paying the taxes against his personal property. Conceding that the personal taxes were a lien against the real estate, that would in no way interfere with the payment of the taxes upon the realty, nor would such payment discharge the lien for the personal property taxes, and the county could not, therefore, have been injured by the acceptance of the taxes upon the realty. Generally one has a right to pay taxes against any specific property that has been assessed as a separate tract or portion and controvert the taxes as to the remainder. The fact that plaintiff proposed to contest the taxes against his personal property afforded no reason for the refusal to accept the taxes due upon the realty. Upon the petition in this case, therefore, the plaintiff was entitled to an order of court requiring the defendant to accept the taxes due on the real estate.

Having discovered an error in the description of his lands upon the assessment roll whereby some of them were located in a wrong school district with a larger levy than in the district where they really belonged, the plaintiff is entitled to relief in a court of equity, notwithstanding a previous tender of the taxes upon such lands, since the tender was made before the error was discovered. The court, therefore, erred in sustaining the demurrer upon the ground that the taxes upon some of the lands were levied

in the wrong school district, thereby defrauding both the plaintiff and the rightful district.

Other errors were made in the description of lands whereby the plaintiff was assessed with lands he did not own, and some which he did own were not assessed, and, although the mistake was doubtless a mutual one of the plaintiff and taxing authorities, yet the county had no right, when the mistake was discovered, to insist upon the payment of taxes upon lands not owned by plaintiff. The defendant admits the error in the description, and that the plaintiff is charged with taxes assessed against lands not owned by him, and refused to accept any taxes unless the erroneous taxes are paid; and we insist the court erred in sustaining the demurrer, thereby requiring the plaintiff to pay the erroneous taxes, and particularly taxes upon lands not belonging to him.

The allegations of the petition as to the erroneous addition of 300 head of cattle to plaintiff's assessment are sufficient to entitle him to relief as prayed for in the petition. (R. S. 1899, Sec. 1788.)    And complaint to the Board of Equalization is not required to be in writing; and if there should be such a requirement, the petition is not subject to demurrer for not stating whether plaintiff's complaint was in writing or not.    Again, if the allegations as to the complaint made to the board were not sufficiently specific, defendant should have moved for a more specific statement; the petition would not, for that reason, be subject to demurrer.    Where the board makes no objection to the form of the complaint, but proceeds to hear evidence and pass upon the merits, sufficient is shown to entitle complainant to be heard in a court of equity, whether the objections were presented in statutory form or not.

The statutes clearly require that each legal subdivision of lands shall be described separately, and a separate value placed thereon.    (R. S. 1899, Secs. 1779, 1781.)    This was not done in the case at bar, but a valuation has been placed upon the lands *en masse*.    The circumstances of this case

are not such, under the allegations of the petition, as will
warrant the County Collector in selling plaintiff's personal
property to satisfy the taxes assessed against his real estate.
Plaintiff having tendered the full amount of taxes due upon
the real estate, and the collector having refused to receive
the same, the latter is without right to sell the plaintiff's
live stock in payment of the taxes so tendered. There was
clearly no occasion for doing so, and a court of equity
should not permit that injustice to be done. Plaintiff
should have been given a receipt in full for all taxes as-
sessed against his real estate. (Lobban v. State ex rel., 9
Wyo., 389.) Again, no reason is shown 'for the extraor-
dinary proceeding threatened by the collector of taxes to
sell the real estate for the payment of taxes assessed against
the live stock. The property assessed ought to be worth as
much as the taxes against it, and no doubt that is the case.
It is not to be inferred that all of the property, both real
and personal, assessed against the plaintiff would not sell
for enough to pay the taxes thereon. If that be the case,
then the claim might be justified that the taxes are ex-
orbitant.

*E. E. Enterline* and *M. L. Gordon,* for defendant in error.

The petition is defective for not alleging that complaint
was made to the Board of Equalization in writing, setting
forth in such complaint wherein the additions made by the
board were erroneous. (R. S. 1899 Secs. 1785-1788.) The
importance of this statutory provision is emphasized by a
later section, which provides that any person who swears
falsely in making complaint to the board shall be guilty of
perjury. (Id., Sec. 1791.) The plaintiff having wholly
failed to pursue the statutory remedy, is in no position to
complain in a court of equity, though the assessments may
have been excessive. Where a party seeks to have the
action of the Board of Equalization reviewed in regard to
an erroneous assessment, the statutory provisions must be
strictly complied with. (2 Cooley on Taxation (3d Ed.),

1380, 1387-1389.) The general rule is that if one fails to appeal to the statutory board he can have no remedy in the courts; and if there be a grossly irregular assessment, the statutory remedy is the exclusive one. While an excessive levy may be enjoined, yet injunction will not lie in case of an excessive assessment where fraud is not charged. (2 Cooley on Taxation (3d Ed.), 1444; Bank v. Perea (N. M.), 25 Pac., 776; Buttenuth v. St. L. B. Co., 123 Ill., 535; P. I. & L. Co. v. Crystal Falls, 60 Mich., 510; Corroll v. Gerlach, 11 Okla., 151; Chehalis B. Co. v. Chehalis, 24 Wash., 166.) The collection of taxes will not be enjoined on account of overvaluation until the just amount of the taxes has been tendered; and if any of the taxes against which injunction is sought appear to have been illegally assessed, injunction will not lie where there has been no payment of the valid taxes or tender thereof. (Cooley on Taxation (3d Ed.), 1424; Bank v. Ferris, 55 Kan., 120; Wason v. Major, 10 Colo., 181; Welch v. Astoria, 26 Ore., 89; Bank v. Carson (Okla.), 50 Pac., 741; Ins. Co. v. Bonner (Colo.), 49 Pac., 366; Breeze v. Haley, 11 Colo., 35; Buck v. Miller, 147 Ind., 586; Ry. Co. v. Commrs., 67 Fed., 413.)

The petition does not allege the rate of levy nor the total valuation placed upon the personal property, nor is it alleged what the valuation of the real estate is. It is not sufficient for the plaintiff to merely plead that part of the taxes assessed against him was illegal, but the facts must be stated clearly, showing what part is illegal and void. (Ins. Co. v. Bonner, *supra;* Tel. Co. v. Schamber, 15 S. Dak., 588.) Should it be conceded that the action of the Board of Equalization in raising the personal assessment of the plaintiff was entirely illegal, yet the trial court very properly sustained the demurrer and dissolved the injunction, for the reason that there is no allegation as to the total amount of the personal taxes, nor any fact set out in the petition whereby such taxes can be computed; and the same objection applies to the taxes against the real estate,

it being pleaded merely that the full amount of money due for the taxes upon real estate was tendered. Such an allegation is not sufficient to advise the court whether or not a proper tender had been made. It is impossible, therefore, to ascertain from an examination of plaintiff's petition whether it be true, as alleged, that a sufficient sum was tendered to authorize the collector of taxes in any event to have issued a receipt for the payment of taxes due upon the real estate. The tax assessed and levied against the personal property was a lien against the realty, and a receipt given in full for such tax would have discharged that lien. (R. S. 1899, Sec. 1870; Lobin v. State ex rel., 9 Wyo., 377.). The valuation of the lands and personal property belonging to plaintiff, located in the various school districts, is not pleaded, so that the court is unable to determine what the excessive levy amounted to by reason of the alleged erroneous location of some of plaintiff's lands in School District No. 10 instead of No. 9. It is true that the facts pleaded were admitted, but they are a mere statement as to the levy on each dollar of valuation on the real estate; and such an allegation is not sufficient to advise the court as to the amount chargeable against the plaintiff in the respective districts. Another complete answer to the averment in respect to the erroneous description of the real estate is that plaintiff pleads a tender of the full amount of money for the tax assessed and levied upon the real estate, and a willingness to pay the same, and complains also that they were not accepted. While we do not insist that plaintiff was bound by the tender made, if the same was in excess of the amount legally due, we do insist that it was incumbent upon him to set forth a sufficient statement of facts whereby the court could determine the amount of the legal tax. The same objection applies to the other errors in the description of plaintiff's lands.

There is nothing in the petition showing that plaintiff could have been prejudiced by the valuation upon his real estate as a whole, and prejudice cannot be presumed.

One cannot be heard to complain of a valuation which, however erroneous, charges him with only his just proportion of the taxes. Conceding, therefore, that the assessor should have valued each tract of land separately, there is nothing to show prejudice, and that being true, equity will not enjoin. The plaintiff seeking equity must do equity. (1 Cooley on Taxation, 751 ; Horton v. Driskell (Wyo.), 77 Pac., 354.) The contention of counsel for plaintiff that the collector of taxes has no right to sell the personal property of plaintiff, in order to collect taxes assessed against both personal and real property, cannot be sustained. (R. S. 1899, Secs. 1873, 1875.)

*M. Nichols,* for plaintiff in error. (On petition for rehearing.)

The Legislature never intended that the action of the Board of Equalization should be final. A judgment rendered or final order made by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the District Court, may be reversed, vacated or modified by that court. (R. S. 1899, Sec. 4248.) The acts of the board should not be held to be merely an overvaluation of property; it was an assessment of property not in existence. If it be true that it is necessary to allege and prove fraud on the part of the board to entitle a complainant to relief in equity from an erroneous tax, then the section of the statute authorizing injunction in case of illegal taxation is practically inoperative, for there perhaps never was and never will be a case where the complainant can show fraud on the part of the board. Our statute contemplates that the board in making additions to the assessment roll shall be governed by evidence. (R. S. 1899, Secs. 1784-1791.) The allegation that the board "unlawfully, illegally, erroneously, unjustly and arbitrarily, and without sufficient evidence," added to the assessment roll property valued at a designated amount, and levied taxes thereon, is a clear statement that the board added property not in existence, and

that it acted arbitrarily, and it was not necessary to specifically aver that the board acted fraudulently. If it acted arbitrarily and without sufficient evidence, that would be sufficient to avoid the taxes. (Brown v. Oneida Co., 79 N. W., 216; 21 Ency. Pl. & Pr., 443.) And where the illegality permeates the whole tax, so that separation cannot be made, the entire tax must fail. (27 Ency. of Law, 612-720.) It would be unconstitutional for the statute to provide that the action of the Board of Equalization should be final. (27 Ency. Law, 722; Const. Wyo., Art. XV, Sec. 11; Arosin v. Mortg. Co. (Minn.), 83 N. W., 340.)

*Milo Adams,* for plaintiff in error. (On petition for rehearing.)

The allegations of the petition were admitted by the general demurrer, and the question, therefore, is whether they are sufficient under the statute to afford injunctive relief. The District Court is given jurisdiction to enjoin illegal levies of taxes and assessments. (R. S. 1899, Sec. 4172.) The petition alleges the taxes to be illegal, which allegation is admitted by the demurrer, and the petition further proceeds to show wherein the assessment was illegal. The plaintiff is not required to make out a case in each element which will be necessary to entitle him to equitable relief; it is sufficient if he shows that the taxes or assessments are illegal. (24 O. St., 253; 27 id., 536; 39 id., 301; Water Co. v. Asotin Co. (Wash.), 64 Pac., 544.) If the plaintiff returned for taxation (which he claimed he did) all his property, which fact is admitted by the demurrer, then any additions made thereto would admittedly consist of property not in existence, and, therefore, the assessment would be illegal and void to the extent of the addition. Clearly, an addition to the assessment roll of property not in existence would constitute an illegal assessment, though not necessarily a fraudulent one.

The word "arbitrarily" used in the petition is one from which an unlawful act may be inferred, and where the raise by the board is made arbitrarily and without any evidence,

injunction is the proper remedy. (Tainter v. Lucas, 29 Wis., 375.) One can hardly doubt that an arbitrary decision would be unlawful and entitle the person aggrieved to some remedy. Equity follows the old maxim that there is no right without a remedy, and in this case plaintiff has been deprived of any right he might have had by appeal from the action of the board by the decision in the case of The Board v. Searight Cattle Co., 3 Wyo., 783, which has the force and effect of law until modified by the Supreme Court of this state. Even if Section 4248, Revised Statutes, authorized plaintiff to appeal from the action of the board, he has been deprived of that right since the case above cited denies it, and, therefore, plaintiff is entirely without remedy unless injunction lies. (Const. Wyo., Art. I, Sec. 8; R. S. 1899, Sec. 3443; State ex rel. v. Goff (Neb.), 31 N. W., 120.) It would be impossible to prove fraud on the part of the board, except on the grossest and most obvious and notorious acts of its members, which probably would be an impracticability in almost every case. If there is no way of redress from the unlawful acts, not necessarily fraudulent, of the Board of Equalization, then the taxpayer, and especially the owner of personal property and live stock, is at the mercy of the board. Under the constitution, no absolute arbitrary power over the lives, liberty or property of freemen exists. (Const., Art. I, Sec. 7.) It has been held in a number of cases that, where the Board of Equalization acted arbitrarily and without evidence, equity would interfere to prevent injustice. (State ex rel. v. Williams (Wis.), 100 N. W., 1048; State ex rel. v. Sackett, 94 N. W., 314; Johnson v. Hahn, 4 Neb., 139; Hush v. Trustees, 1 Vesey, 188; Culbertson v. Cincinnati, 16 O., 574; Jones v. Jones, 18 O., 323; Knowlton v. Supervisors, 9 Wis., 417; Kinyon v. Duchene, 21 Mich., 500; Williams v. Penny, 25 Ia., 438; City v. Patterson, 32 Ind., 140; Pixley v. Higgins, 15 Cal., 132.)

There could hardly be a question that if the real estate belonging to the plaintiff was sold for taxes when it was

erroneously assessed in one school district, the sale would be set aside by a court of equity; and hence, by allowing an injunction in this case, a multiplicity of suits would be prevented. The allegation as to tender was sufficient; it can hardly be misunderstood when the amount is given, and it is alleged that it was all the tax due on the live stock and personal property for the year in question. The treasurer should have given a receipt for the taxes upon the real estate upon plaintiff's tender of the amount levied thereon. (Report of Att'y. Gen'l. Wyo. 1893-1894, 121, 122.) The assessment of the real estate *en masse* was erroneous, and it would probably not be contended that the sale of all of the land as one tract would be good. Such a sale would at least cast a cloud upon the title of plaintiff's land, and he would, therefore, be obliged, in case of a sale, to bring an action to set it aside, and thus there would be caused a multiplicity of suits.

The argument upon the demurrer made in this court is not the same as that presented to the court below. Upon the argument below the only proposition contended for on behalf of the demurrer was that plaintiff's complaint to the board had not been made in writing and under oath. Had the same objections now urged been presented upon the argument in the District Court, the defect in the petition might have been noticed in time for an amendment. While a general demurrer raises every point affecting the sufficiency of the petition, yet the point relied on by counsel presenting it should be first suggested to the trial court for determination and judgment, thus allowing the plaintiff an opportunity to amend in furtherance of justice. Thus a decision in this court has been based upon entirely new points not raised in the court below. It seems that the petition taken as a whole states a cause of action, and should be considered as sufficient on general demurrer. Clearly the plaintiff would have suffered great and irreparable injury in permitting his live stock and real estate to be sold for these illegal taxes. In granting a rehearing and remanding

the cause, the merits of the controversy may be determined without prejudicing the rights of the defendant in any particular. The plaintiff has followed his legal remedy; having offered to pay all of the taxes justly due, and we believe he is entitled to the relief asked for by the petition.

Beard, Justice.

Plaintiff in error commenced this action in the District Court of Crook County, alleging in his petition that defendant in error was the treasurer and collector of taxes of said county; that plaintiff duly returned and listed for assessment and taxation all of his personal property and live stock in Crook County for the year 1903, and on the 30th day of December, 1903, he tendered to the defendant at · his office the sum of $366.69 and demanded a receipt in full for all of the taxes due from the plaintiff for said year 1903 on the live stock and personal property of plaintiff; but that the defendant refused and still refuses to accept such tender and to issue receipt therefor.

That on June 24, 1903, the Board of County Commissioners of said county, acting as the Board of Equalization, unlawfully, illegally, erroneously, unjustly and arbitrarily and without sufficient evidence or cause, added to the assessment roll and returned for taxation for said year against the plaintiff 300 head of cattle and assessed the value thereof at $4,800; that said increased valuation was added to the tax list for said year and taxes levied against plaintiff therefor.

That on July 27, 1903, plaintiff appeared before said board and protested and objected and offered evidence to show that the increase and raise of 300 head of cattle against plaintiff was excessive, unjust, erroneous and unwarranted, and asked to have the same stricken off, which the board refused to do.

That during the year 1903 plaintiff was the owner of certain real estate. (Here follows the description, amounting to about 1,160 acres of land.)

That the assessor of said county returned the real estate of plaintiff for assessment and taxation for said year erroneously, describing the same. (Here follows the description as returned by the assessor, the error being in four description, as follows: N. ½ S. W. ¼, Sec. 33, was returned as N. ½ S. E. ¼. N. ½ S. E. ¼, Sec. 32, was returned as N. ½ S.W. ¼. E. ½ S. W. ¼, Sec. 6, was returned as S. ½ S. W. ¼; and S. ½ S. W. ¼, Sec. 15, was returned as S. E. ¼ S. W. ¼, omitting S. W. ¼ S. W. ¼. The balance of the land appearing to be correctly described.)

That taxes were levied on all of said lands and a special school tax of 7½ mills on the dollar valuation in School District No. 10, when in fact 480 acres (described in the petition) of said land are situated in School District No. 9, where the special school tax is but one mill on the dollar valuation; that said real estate is assessed *en masse,* and that all of said tax levy on said real estate is erroneous, illegal and void.

That on December 30, 1903, plaintiff tendered the full amount of money for the taxes assessed and levied against his real estate in said county for the year 1903 and demanded a receipt in full therefor, which said tender the defendant refused and still refuses to accept.

That defendant threatens to levy upon and sell plaintiff's personal property and to advertise and sell his lands for said tax to the great and irreparable injury and damage to plaintiff.

That plaintiff has no full, complete, speedy and adequate remedy at law.

Plaintiff prays for a temporary restraining order against defendant, and that, on final hearing, defendant be perpetually enjoined from selling his property and for general relief.

A temporary restraining order was issued by the Court Commissioner upon the petition, and a general demurrer on the ground that the petition does not state facts sufficient to

constitute a cause of action was filed and sustained by the court, the temporary restraining order was dissolved and the action dismissed. Exceptions were duly taken and the plaintiff brings error.

It clearly appears from the petition that plaintiff had personal property, including live stock, subject to taxation in Crook County, it being alleged that he listed all of his personal property and live stock for assessment and taxation for the year 1903. The only question on that branch of the case then is, do the facts stated entitle plaintiff to relief in a court of equity by way of an injunction to restrain the treasurer from enforcing the collection of these taxes by reason of the property added to his assessment by the Board of Equalization.

The statutes of this state (R. S. 1899) constitutes the Board of County Commissioners of each county a Board of Equalization for the correction and completion of the assessment roll of their respective counties and fixes the time and place of its meetings. Section 1785 is as follows: "Said board shall at its first meeting add to said assessment roll any taxable property in their county not included in the assessment as returned by the assessor, and shall assess the value thereof and shall hear and determine the complaint of all persons, companies, associations and corporations feeling aggrieved by the assessment of their property as returned by the assessor or by the assessment as returned by the assessor of the property of any other person, company, association or corporation; *Provided, however,* That such complaint shall be made, heard and determined in the manner hereinafter provided. And the said board may increase, diminish or otherwise alter or correct any assessment or valuation contained in said assessment roll."

Sections 1786 and 1787 provide for notice to any person whose assessment has been raised or increased, and Section 1788 provides: "Any person desiring to make complaint to such Board of Equalization, as hereinbefore provided, shall file with such board a statement under oath, specifying the

respect in which the assessment complained of is incorrect. * * *" Then in the following sections provision is made for the manner of hearing proofs in regard to such complaint and the assessment to which it relates.

Counsel for defendant contend that the petition fails to show that plaintiff filed his complaint under oath with the board, and that, having failed to pursue the remedy provided by the statute, the courts can grant him no relief. We think it unnecessary to decide whether or not the complaint or protest was sufficient to require the board to act, for the reason that it appears that the board did hear the complaint, and that plaintiff had an opportunity to and did offer evidence to show that the raise as made by the board was erroneous, but that the board decided that the assessment should stand. The board having jurisdiction and being clothed by the statute with judicial powers, and having heard and decided the matter, the courts cannot retry, in an independent action, the matters so decided, there being no allegation that the action of the board was fraudulent. The tax in this case is not an illegal tax, that is, one that the board could not lawfully levy, but it is the excessive assessment and over valuation of plaintiff's personal property of which complaint is made, and in such case the decision of the board in the absence of an allegation of fraud is final. (2 Cooley on Taxation (3d Ed.), 1379, et seq.; 21 Enc. Pl. & Pr., 439, et seq. and cases cited; Salmond v. Inhabitants of Hanover, 13 Allen, 119; Board of Commrs. v. Searight Cattle Co., 3 Wyo., 783, 801.)

The petition is defective also for the reason that the amount of taxes appearing on the tax roll against plaintiff on personal property is not stated, and it is impossible to determine from the petition whether the tender of $366.69 covered all of such taxes except those upon the valuation of $4,800, added by the board. (Iowa & Dakota Telephone Co. v. Schamber, 15 S. Dak., 579.)

Upon the other branch of the case, with reference to the real estate, plaintiff contends that because a part of the

same was erroneously assessed in School District No. 10; because of the errors in description and because the real estate was assessed *en masse,* the entire levy on the real estate was erroneous, illegal and void, and that, having tendered all of the taxes assessed and levied against his real estate, the treasurer should be enjoined from selling the same.  Plaintiff is not in a position to complain of these matters, for the reason that he did not complain of them or make any effort to have them corrected by the Board of Equalization, and, having neglected so to do, he is not entitled to relief in a court of equity.  (Board of Commrs. v. Searight Cattle Co., *supra;* Kelley v. Barton, 174 Mass., 396; Salmond v. Inhabitants of Hanover, *supra;* Bates v. Inhabitants of Sharron, 175 Mass., 293; Bourne v. City of Boston, 2 Gray, 494; 2 Cooley on Taxation (3d Ed.), 1379, and note 1; 27 Enc. Law, 718; 21 Enc. Pl. & Pr., 436.)

The valuation of the land is not shown to be excessive for the lands assessed and actually owned by plaintiff, omitting the tracts erroneously described.

By Section 1870, Revised Statutes of Wyoming, 1899, taxes upon real property are made a perpetual lien thereon, and taxes due from any person on personal property are made a lien on the real estate owned by such person.  The taxes on plaintiff's personal property became and were a lien upon any real estate owned by him, whether the same was assessed or not, and the real estate could be sold by the treasurer for such taxes notwithstanding the fact that the taxes assessed against the real estate had been tendered; and the fact that the treasurer threatened to sell real estate which plaintiff did not own could do him no injury.  The case of Lobban v. State ex rel. Carpenter, 9 Wyo., 377, has been cited by counsel, but in that case the court held that the personal property tax was not a lien on the real estate for which the receipt was asked, for the reason that the real estate had been sold on foreclosure of a mortgage which was a prior and superior lien to that of

the personal property tax, while in this case there is no doubt about the personalty tax being. a lien on the real estate. For the foregoing reasons, we think the petition did not state a cause of action and that the demurrer thereto was properly sustained. The judgment of the District Court will be affirmed.                                    *Affirmed.*

POTTER, J., concurs.

ON PETITION FOR REHEARING.

VAN ORSDEL, JUSTICE.

This cause was before decided by this court, the opinion appearing in 79 Pac., 1042. A petition for rehearing was filed by counsel for plaintiff in error, within the time prescribed by the rules of this court, and briefs were filed in support of the petition. We have reviewed the case and arrived at the same conclusion as announced in the former opinion. It is alleged in the petition of plaintiff in error, upon which he asks an injunction to restrain the collection of the taxes in question, that the Board of Equalization "unlawfully, illegally, erroneously, unjustly, arbitrarily and without sufficient evidence or cause added to the plaintiff's assessment three hundred head of cattle and levied the taxes thereon." It is urged by counsel for plaintiff in error that as these facts were admitted to be true by the general demurrer to the petition, the illegality of the tax is established. This claim is based upon the assumption that the mere statement in the petition that the property in question was illegally and arbitrarily added to the assessment roll and taxes levied thereon establishes these, under the demurrer, as admitted facts in the case. These statements are not allegations of fact, but legal conclusions, and conclusions that are not supported by the facts set forth in the petition. A demurrer does not admit statements of legal conclusions, not warranted by the facts on which they are predicated, nor inferences from facts which do not support them. (Finch v. Board of Education, 30 O. St., 41; Pittsburg, Cincinnati & St. Louis Railway Co. v. Moore, 33 O. St., 334.)

The petition states that the plaintiff in error had real and personal property in Crook County subject to assessment for taxation in the year 1903. This being true, the action of the Board of Equalization, in adding the property in question to the assessment roll, was not void for lack of jurisdiction. If the plaintiff in error had had no property in Crook County subject to taxation, the assessment would have been void for lack of jurisdiction to tax. Had that been the case, there would be no doubt of the illegality of the tax. But, according to the allegations of the petition, the plaintiff had property in the county subject to taxation, and the adding of three hundred head of cattle to the assessment roll, if erroneously added, did not make the assessment illegal, but excessive. It is said by this court in Board of County Commissioners v. Searight Cattle Co., 3 Wyo., 777, that "our statutes relating to the recovery back of illegal taxes do not cover taxes based upon excessive assessments." This also applies to actions by injunction to restrain the collection of illegal taxes. Revised Statutes, Section 1785, empowers the Board of Equalization to add to the assessment roll any taxable property in its county not included in the assessment as returned by the assessor, and it is made the duty of the Board of Equalization to assess the value thereof. Anything done by the Board of Equalization within the purview of this statute is an exercise of judicial discretion, and so long as it does not exceed its jurisdiction, its actions cannot be said to be illegal. The facts alleged in the petition, and admitted by the demurrer to be true, do not show that the board exceeded its jurisdiction, or sustain the conclusion that the tax in question is illegal. If the petition establishes anything, it is a case of excessive assessment.

It is also contended that, since the petition alleges that the board "arbitrarily and without sufficient evidence" added the property in question to the assessment roll, injunction will lie to restrain the collection of the tax so levied and assessed. The statute, authorizing the Board of Equaliza-

tion to add property to the assessment roll and assess the value thereof, does not require the board to hear any evidence as a condition precedent to correcting the assessment roll. The information on which the board acts may exist within the personal knowledge of its members, or they may gain the information from any source at their command. In many of the states the statutes require that the journal of the Board of Equalization shall show that the board had evidence of some kind upon which to base its action, and a failure of the journal to show this fact is held to be jurisdictional. (The Gerke Brewing Co. v. John Haggerty, Auditor, et al., 1 N. P. (Ohio), 68.) Our statute imposes no such obligation upon the Board of Equalization, and the allegation in the petition in this case, that the property was added to the assessment roll without sufficient evidence, neither supports the allegation that the board acted arbitrarily, nor raises any jurisdictional issue upon which equity can be invoked.

The allegation that the board arbitrarily added the property to the assessment roll is also a legal conclusion, not supported by the facts set forth in the petition, and as such is not admitted to be true by the demurrer. If it is intended by this allegation to allege fraud as a foundation for a restraining order, there is no principle in the practice better established than that the facts constituting fraud must be alleged. There is nothing in this petition except the bare conclusion of the pleader that the Board of Equalization, in increasing the assessment, acted arbitrarily. Counsel, in their brief in support of their petition for a rehearing, make certain statements in regard to the action of the members of the Board of Equalization that would have tended to support the conclusion that the board was prompted by improper motives in adding the property in question to the assessment roll; but these facts do not appear in the petition, and there is nothing in the language of the petition from which they can either be inferred or assumed. In fact, the language of the petition tends to

show that fair treatment was accorded the plaintiff in error at every stage of the proceedings. He had notice of the action of the Board of Equalization, and he appeared before the board and submitted evidence in support of his claim for a reduction of his assessment, and after a full hearing the board found against him.

Counsel further complain that the refusal of the defendant in error to accept the tender of taxes on real estate, as assessed against the plaintiff in error, was highly prejudicial to his rights. In this state personal taxes are made a lien against the real property of the taxpayer. (R. S., Sec. 1870.) The defendant in error acted properly in refusing to accept the taxes assessed against the realty, so long as the taxes upon the personal property of the plaintiff in error remained unpaid. A tax receipt, which the treasurer as collector of taxes is required to give, under the provisions of our statute, is more than a mere acknowledgment of the payment of a specific sum of money. It is written evidence showing that all taxes against the realty have been paid. (Lobban v. State ex rel. Carpenter, 9 Wyo., 377.) So long as the taxes upon the personal property of the plaintiff in error remained unpaid, the defendant in error, as tax collector, was not obliged to receive the tax on the realty and receipt for the same. Especially was this true when the personal tax was the subject of pending litigation.

It was said by Conaway, J., in Board of County Commissioners v. Searight Cattle Co., *supra:* "Defendant in error had personal property subject to taxation in Johnson County. This being settled, the only remaining questions· are as to the alleged errors in the listing and valuation of such property for taxation. The rectification of such errors must be sought before the County Board of Equalization. The determination of this board is a judicial act. The taxpayer has notice of its sitting. If he fails to attend, he is in the situation of the party who· allows his case to go by default in any court. Section 3821, Revised Statutes of

Wyoming (Sec. 1863, R. S. 1899), does not authorize re-trial of the existence of alleged errors when the question has been once judicially determined." In this case, the question has been judicially determined by the Board of Equalization of Crook County. The plaintiff in error was present and given a hearing, and allowed to submit evidence in support of his contention. The board in reaching its conclusion acted judicially, and the existence of mere errors of discretion in the judicial determination of the case cannot be reviewed in a court of equity. A court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and it will not revise their decisions upon matters within their discretion, if they have acted honestly. The petition in this case fails to allege any facts upon which to base a conclusion that the Board of Equalization acted either arbitrarily or dishonestly, or in any manner abused the discretion which it is by law authorized to exercise.

*Rehearing denied.*

POTTER, C. J., and BEARD, J., concur.