## CREWDSON, AS COUNTY TREASURER, v. NEFSY COMPANY.

APPEAL AND ERROR—JUDGMENT NOT SUPPORTED BY PETITION—TAXATION—JURISDICTION OF BOARD OF EQUALIZATION—INJUNCTION.

1. A petition which does not state facts sufficient to constitute a cause of action will not support a judgment.

2. Although the owner of taxable cattle in a county has returned a certain number for assessment and taxation, the Board of

Equalization of the county has jurisdiction to assess all the cattle of such owner subject to taxation in that county by increasing the number assessed, and, in the absence of fraud, equity cannot be invoked to enjoin the collection of the taxes levied upon such assessment.

3. Where the County Board of Equalization has jurisdiction to assess all the cattle of an owner subject to taxation in the county· for a particular year, its action in increasing the assessment of such owner by adding to the number assessed will not be illegal, even though erroneous because excessive.

4. A court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and it will not revise their decisions upon matters within their discretion.

5. In a petition to enjoin the collection of taxes because of an alleged illegal increase by the County Board of Equalization in the number of cattle assessed to plaintiff, an allegation that the board, "without evidence and arbitrarily and against the protest of plaintiff," raised the plaintiff's assessment on his cattle, does not amount to an allegation of fraud.

[Decided August 28, 1905.]                    (82 Pac., 1.)

ERROR to the District Court, Crook County, HON. JOSEPH L. STOTTS, Judge.

Action by the Nefsy Company, a co-partnership, against the County Treasurer and ex-officio Collector of Taxes of Crook County to enjoin the collection of taxes assessed and levied against its property by the authorities of that county for the year 1903. Judgment was rendered in favor of the plaintiff, and the defendant prosecuted error. The petition in the case alleged among other things that in the spring of 1903 the plaintiff listed for assessment 203 head of cattle valued at $2,595, and that it listed all the live stock it had in the county subject to taxation, and it was not liable for taxes on stock for any other amount than that listed; but that the County Board of Equalization, without evidence, arbitrarily and against the protest of plaintiff, raised the amount of neat cattle to the sum of $19,000; that plaintiff appeared before the board at its last meeting in that year as a Board

of Equalization, and filed written objections as provided by law, and offered evidence that it had given in all its cattle upon which it was required to pay taxes in that county for said year, but that the board, against such evidence, and without evidence, and in an arbitrary manner, raised the amount of plaintiff's taxes as aforesaid.

*E. E. Enterline* and *M. L. Gordon,* for plaintiff in error.

The petition does not state facts sufficient to constitute a cause of action, since it contains no allegation respecting the taxes which were levied against the property of plaintiff nor the rate of levy for the year in question. Again it is insufficient for failing to show the facts showing a compliance with the statute as to the filing of objections to the action of the Board of Equalization. It is necessary to state the facts showing wherein the taxes are illegal and what particular taxes are claimed to be illegal. (Ins. Co. v. Bonner (Colo.), 49 Pac., 366; Telegraph Co. v. Schamber, 91 N. W., 78.) The affidavit in support of the objections made to the action of the board was insufficient and should not have been admitted in evidence, for the reason that it was so drawn as to render it impossible to predicate perjury upon it. (Rev. Stat. 1899, Secs. 1788, 1791; Blythe v. Swenson, 7 Wyo., 302.) It may have been that the company did not have the number of cattle assessed by the board in the county on the first day of April, and yet they might have had that number afterwards, and while the board was equalizing the assessment. The affidavit, therefore, should have shown specifically that the company did not own that number of cattle after April 1st, because if they did and they were brought into the state and county after April 1st and prior to the action of the board, the board had the right to add the same to the assessment roll. (Rev. Stat. 1899, Secs. 1785, 1798; Horton v. Driskell (Wyo.), 77 Pac., 354.)

The findings of the court are not sustained by sufficient evidence. The plaintiff sought to establish on the trial only the fact that it did not have to exceed 203 head of cattle in

the county on April 1, 1903. There was no proof by the plaintiff of the evidence introduced before the board upon the hearing of the plaintiff's exceptions, and no proof that the board acted arbitrarily or in the absence of evidence. The defendant established by his proof that the plaintiff owned a great many more cattle than it had returned for assessment. It was shown that one member of the plaintiff's co-partnership refused to answer an inquiry of the board as to whether the plaintiff paid taxes elsewhere upon its cattle, but said that such fact was not the business of Crook County. Such answer was in itself a sufficient justification for the refusal of the board to reduce the assessment. (Rev. Stat. 1899, Sec. 1790.) Again, a mortgage given by the plaintiff company upon its cattle was sufficient evidence upon which the board might act and was sufficient to defeat this action, since it was conclusive proof that the company owned more cattle in the county than were assessed by the board at the time, and the plaintiff failed to explain the mortgage in any manner.

The statutory remedy of complaint to the board in case of an increase of assessment of a taxpayer was not properly pursued by the plaintiff, and hence it cannot complain in a court of equity, even if the assessment was excessive. (2 Cooley on Taxation (3d Ed.), 1380, 1387, 1388, 1389, 1444; Bank v. Perea (N. M.), 25 Pac., 776; Buttenuth v. St. Louis B. Co., 123 Ill., 535; P. I. & L. Co. v. Crystal Falls, 60 Mich., 510; Carroll v. Gerlach (Okla.), 65 Pac., 844; Boom Co. v. Chehalis Co. (Wash.), 63 Pac., 1123.). The collection of taxes will not be enjoined on account of over valuation of property until a just amount of the taxes has been tendered. (Bank v. Ferris, 55 Kan., 120; Wason v. Major (Colo.), 50 Pac., 741; Bank v. Carson (Okla.), 50 Pac., 990; Welch v. Astoria (Ore.), 37 Pac., 66; Ins. Co. v. Bonner (Colo.), 49 Pac., 366; Breeze v. Haley (Colo.), 18 Pac., 551; 2 Cooley on Taxation (3d Ed.), 1424; Buck v. Miller, 147 Ind., 586; R. R. Co. v. Board, 67 Fed., 413.)

The petition must state facts sufficient to constitute a

cause of action, or it will not support a judgment. (Nichols v. Board, 76 Pac., 681.) The petition in this case is similar to that which was held insufficient in the case of Ricketts v. Crewdson, 79 Pac., 1042 (81 Pac., 1). The failure of the board to make minutes of the evidence taken before them upon the hearing of plaintiff's objections would not invalidate the assessment and tax levy; if anything, it would be a mere irregularity. (Board v. Stone, 7 Wyo., 280; Horton v. Driskell (Wyo.), 77 Pac., 354.) The petition contains no allegation of fraud on the part of the board, nor any facts from which fraud can be inferred; nor was there any proof tending to establish fraud.

*M. Nichols,* for defendant in error.

There is evidence tending to support every finding made by the court below, and hence this court cannot reverse for insufficient evidence. It might be admitted that the petition fails to show the exact condition of the taxes which were . levied, but upon suggestion in the court below for an amendment to the petition the court stated that it was not necessary, for the reason that the defendant has shown all the requisite facts. The evidence of the defendant, plaintiff in error, shows not only the amount of the levy, but the value of the property and the amount of the original assessment; and it was admitted that the plaintiff below had tendered the full amount due on the original assessment. Plaintiff in error ought not, therefore, to be now heard upon the objection that the petition does not sufficiently show those facts.

We insist that there was no good reason for the refusal of the treasurer to accept the taxes when tendered in full for the real estate. The real and personal property was all valued together. The affidavit filed by the plaintiff with the board was upon a form prepared by the County Clerk, and if not sufficient it was the fault of the board; but in any event the board deemed it sufficient and acted upon it, and it is now too late to claim that it is insufficient.

The board failed to follow the statute requiring minutes of the evidence to be reduced to writing and filed in the office of the County Clerk taken upon objections to the action of the board in raising an assessment. The statute (Rev. Stat., Sec. 4248) provides that the acts of boards may be reviewed; but the writ of *certiorari* is abolished in this state, and this court has held that there is no appeal. Clearly, then, the only remedy is by injunction. The Board of Equalization has no right to raise an assessment, or add to it, arbitrarily, and where they do so their act is void and the only tax collectible is that which may have been levied upon the assessment as made by the assessor. (Brown v. Oneida County, 79 N. W., 216; Johnson County v. Tierney, 76 N. W., 1090.)

VAN ORSDEL, JUSTICE.

This is a proceeding in equity to enjoin the collection of taxes. It appears that the defendant in error, plaintiff below, returned to the assessor of Crook County for taxation for the year 1903, together with certain other property, two hundred and three head of cattle valued at $2,595. Thereafter, at the time provided by law, the Board of County Commissioners, sitting as a Board of Equalization, increased the assessment so returned and added thereto eleven hundred head of cattle valued at $19,000. Defendant in error was notified of the raise in its assessment, and appeared before the Board of Equalization and was given a hearing. At the conclusion of the hearing the board refused to reduce the assessment, and this action was brought in the District Court of Crook County to restrain the plaintiff in error, as tax collector, from attempting to enforce the collection of the taxes so assessed. A temporary injunction was issued, and on the trial of the cause a decree was entered making the injunction permanent.

The petition alleges, among other things, "that the Board of Equalization in the said County of Crook, when sitting as such board, without evidence and arbitrarily and against

the protest of plaintiff, raised the said amount of taxes on the cattle of plaintiff in the sum of $19,000." Elsewhere in the petition the tax so assessed is referred to as an illegal assessment. It is unnecessary for us to consider the errors assigned, for an inspection of the petition discloses that the allegations therein contained are insufficient to support the judgment of the District Court. The petition must state facts sufficient to constitute a cause of action, otherwise it will not support the judgment. (Nichols v. Board of Commissioners (Wyo.), 76 Pac., 681.)

The petition in this case shows that the defendant in error had cattle subject to taxation in Crook County in 1903. This gave the Board of Equalization jurisdiction to assess all the cattle of the defendant in error subject to taxation in Crook County for that year. Where the board has once acquired jurisdiction for the purposes of assessment and taxation, in the absence of fraud, equity cannot be invoked to restrain the collection of taxes so assessed. Fraud is not alleged in the petition in this case, nor is it shown by the evidence. There is nothing alleged in the petition that brings this case within the provisions of Section 1803, Revised Statutes. The tax is not illegal for the reason that the board had jurisdiction to make the assessment. At most, it could only be excessive. If excessive, it is so because of an error of discretion on the part of the board. It has been repeatedly held by this court, that a court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and it will not revise their decisions upon matters within their discretion. (Board of County Commissioners v. Searight Cattle Co., 3 Wyo., 777; Ricketts v. Crewdson (Wyo.), 79 Pac., 1042, and 81 Pac., 1.)

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.    *Reversed and remanded.*

Potter, C. J., and Beard, J., concur.