Case 24.—PROSECUTION AGAINST THOMAS STOUT, JR., FOR MURDER.—June 8.

## Stout v. Commonwealth.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals. Affirmed.

1. Homicide—Trial—Instructions—In a prosecution for murder, an instruction defining murder and involuntary manslaughter was not erroneous for omission of the word "feloniously."
2. Same—Self-Defense—In a prosecution for murder, an instruction that if the defendant had reasonable grounds to believe that he was in danger of death or of serious bodily harm and it was necessary, or to him reasonably appeared to be necessary to shoot the deceased to avert the danger, or what appeared to be the danger, was not objectionable as ·limiting the

defendant's right to slay his adversary upon apparent danger, omitting his right when the danger was real, though not apparent.

3. Witnesses—Cross-Examination of Accused—Recalling Witness— In a prosecution for murder, after the accused left the witness stand in his own behalf and all the evidence for the defense was in, it was not an abuse of the court's discretion to permit the commonwealth's attorney to recall the accused and examine him as to a conversation concerning the killing and afterwards to deny his testimony on that point, the commonwealth's attorney having stated that at the time the accused was on the stand in his own behalf, he did not know of the conversation.

O'REAR and NUNN, J.J., dissenting.
MAURY KEMPER for appellant.

## POINTS AND AUTHORITIES.

1. The court erred in omitting the word "feloniously" from the instruction to the jury defining murder. (Clark v. Commonwealth, 111 Ky., 463; Kaelin v. Commonwealth, 80 Ky., 302; Tutt v. Commonwealth, 104 Ky., 299; Omer v. Commonwealth, 15 Rep., 674; Cook v. Commonwealth, 72 S. W., 284; Brooks v. Commonwealth, 16 Rep., 356; Montgomery v. Commonwealth, 84 S. W., 243; Stroud v. Commonwealth, 14 Ky. L. R. 179.)

2. The Court erred in limiting the right of self-defense so as to exclude such right except where a party assaulted believes himself to be in danger. (McKinney v. Commonwealth, 26 Rep., 565.)

3. The failure to give the full law of self-defense is reversible error. (Munday v. Commonwealth, 81 Ky., 233.)

4. The Court erred in permitting appellant to be introduced in rebuttal as to matters in chief, and in permitting John Thomas to be admitted in rebuttal to testify as to matters in chief. (Williams v. Com., 12 Ky. L. R., 525; Abbot v. Com., 23 Ky. Rep., 226; Mosley v. Com., 22 Rep., 529.)

5. The Court erred in refusing to permit appellant in rebuttal to contradict John Toohey by the testimony of Mary A. Chiles.

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for appellee.

1. The rule that "every improper instruction should be taken as prima facie prejudicial to the accused" is not applicable to merely technical defects arising out of the omission to use strictly accurate terms of art. (Barnett v. Commonwealth, 84 Ky., 449.)

2. Before the court is authorized to reverse it is enjoined by the law to be satisfied that the substantial rights of the accused have been prejudiced. (Cr. Code, Sec. 340, 353.)

3. Counsel insists that instruction No. 3 was wrong because it made the defendant's right to shoot deceased entirely dependent upon his belief as to his danger, without reference to his actual danger. Without going into analysis of the language used by the court, which we contend is proper and correct, we simply refer the court to the following:

### AUTHORITIES.

Robinson's Ky. Cr. Law & Procedure, Vol. 1, Sec. 163; Hutsell v. Commonwealth, 25 R., 262 Rowsley v. Commonwealth, 25 R., 845; Pennington v. Commonwealth, 24 R., 321; Howard v. Commonwealth, 24 R., 612; Thacker v. Commonwealth, 24 R., 1584.)

OPINION BY JUDGE BARKER—Affirming.

Thomas Stout, Jr., was indicted by the grand jury of Fayette county for the murder of Sim Lee. A trial resulted in his conviction as charged in the indictment, and his punishment fixed at death. To reverse the judgment based upon this verdict, he is here on appeal.

The appellant and Sim Lee, both colored, were partners in raising a crop of tobacco during the year 1904. In the spring of 1905, when the time was approaching for a sale of the tobacco and a division of the proceeds, the parties quarreled over the adjustment of their mutual accounts. A time had been fixed at which the tobacco was to be hauled to Lexington (a distance of about 13 miles) for sale. On the night of the day before the tobacco was to be moved, appellant, armed with a double-barreled shotgun, met Sim Lee in the public highway, and there shot him to death. On the next morning the dead body was found in the road, and appellant denied all knowledge of the killing, and expressed to several people both surprise and sorrow at the tragedy. He was arrested nevertheless, and taken to the city of Lexington, where he made a statement admitting the killing, but claiming that it was done in self-defense. We shall not enter into the details of this case with any par-

ticularity. It is conceded, and indeed, could not be well denied, that there was ample evidence authorizing the submission of appellant's guilt to the jury, and our rule is well settled, not to interfere with the verdict of a jury in a criminal case where there is any evidence upon which it can be lawfully based.

The court, after all the evidence was in, among others, instructed the jury as follows: "(1) If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, Thomas Stout, Jr., in Fayette county, Ky., and before the 28th day of March, 1905, willfully shot and killed Sim Lee by shooting said Lee with a gun or pistol, or both, loaded with powder and leaden balls, or other hard substances, and that said shooting was not necessary, and did not, at the time, reasonably appear to the defendant to be necessary to save the defendant from death, or from some serious bodily harm at the hands of said Lee, the jury should find the defendant guilty—guilty of murder if said shooting and killing, if there was such, was done by the defendant with malice aforethought; guilty of voluntary manslaughter if said shooting, if there was such, was done by the defendant in sudden affray, or in sudden heat and passion, and without previous malice. (2) The jury should find the defendant not guilty, unless the jury believe from the evidence, beyond a reasonable doubt, that the defendant did, in Fayette county, Ky., and prior to the 28th day of March, 1905, wilfully shoot and kill Sim Lee, by shooting said Lee with a gun or pistol, or both, loaded with powder and leaden balls, or other hard substances. (3) If the defendant did shoot and kill Sim Lee, but, at the time the defendant shot said Lee the defendant believed, and had reasonable grounds to believe, that he was then and there in danger of death, or of suffering some serious bodily harm at the hands of said Lee, and it was necessary, or to the defendant reasonably appeared to be necessary, to shoot said Lee to avert

the danger, or what appeared to defendant to be such danger, this was a shooting and killing in self-defense. And if the defendant did shoot and kill Sim Lee, yet the jury should find the defendant not guilty unless the jury believe from the evidence, beyond a reasonable doubt, that said shooting was not done in self-defense.''

Three errors are urged as grounds for reversal of the judgment: First, that the court did not use the word ''feloniously'' in the instruction on murder and manslaughter; second, that the instruction as to self-defense limited the appellant's right to slay his adversary upon apparent danger, omitting his right where the danger was real, although not apparent; third, that the prosecuting attorney was permitted to recall the appellant, after he had left the witness stand, for the purpose of asking him a question in order to lay the foundation to contradict him; it being urged that this question should have been asked on cross-examination, before the appellant left the stand. Of these in their order.

In the case of Kaelin v. Commonwealth, 84 Ky. 354, 8 Ky. L. R. 293, 1 S. W. 594, it was held that an indictment for murder was fatally defective if it omitted the word ''feloniously'' from the description of the offense charged, and this case has been followed consistently since. But it has never been held that the word ''feloniously'' is necessary in an instruction given in a case involving the trial of a felony charge. It may be conceded, however, that after Kaelin Case, the court proceeded very cautiously with reference to the necessity of the word ''feloniously'' in instructions in felony cases, as is shown by these utterances: in Omer v. Commonwealth, 95 Ky. 353, 25 S. W. 594, 15 Ky. Law Rep. 694: ''We perceive no other serious objection to the instructions, although the failure to use the word 'feloniously' in the first instruction should be cured upon another trial. We are inclined to think that, owing to the peculiar nature of

Stout v. Commonwealth.

the facts set up by way of defense, the failure to
use the ordinarily necessary words was not preju-
dicial, but the omission should be supplied in the fu-
ture." In Brooks v. Commonwealth, 28 S. W. 148, 16
Ky. Law Rep. 356: "It does not follow, necessarily,
from the omission of this word [feloniously] in the
instruction complained of, that the error was preju-
dicial to the accused.   *   *   *   A homicide cannot
legally be called a murder unless the act of killing be
done feloniously and with malice aforethought; but if
an assassin from ambush shoots his victim for pur-
poses of robbery, it would be the height of legal folly
to say that the substantial rights of the murderer are
prejudiced by a defective definition of the words 'mal-
ice aforethought,' or the mere omission from an in-
struction to the jury of the 'words of art' [feloniou-
ly] technically required in law to designate a mur-
der." But in Bunnell v. Commonwealth, 30 S. W. 604,
17 Ky. Law Rep. 106, this answer was made to the
objection now under consideration: "It is insisted,
however, that the word 'feloniously' should have been
used in the instruction on the subject of murder and
manslaughter.   The contrary has been announced in
the recent case of Brooks v. Commonwealth 28 S. W.
648, 16 Ky. Law Rep. 356, and the principles there
laid down are conclusive of this question."

With reference to the necessity for the use of the
word "feloniously" there is a vast difference be-
tween an indictment and an instruction. The object of
an indictment is to inform the accused of the offense
with which he stands charged, in order that he may
intelligently prepare such defense as he has to meet
the accusation of the commonwealth. It is, therefore,
highly proper and necessary that all of the technical
words which are requisite to describe the offense with
which the appellant is charged should be used affirma-
tively, in order that he may not be put to the hazard,
or expense, of a trial for his life or his liberty upon
an accusation embodying only the legal conclusion of

the grand jury; and for this reason it has been properly established that every word essential to a description of the common-law offenses of murder and manslaughter should be used in an indictment seeking to charge the defendant with the commission of those crimes. Not so with regard to instructions. The object of these is to enlighten the minds of the jury with reference to the principles of law arising from the evidence which has just been detailed to them, so that they may intelligently arrive at a verdict in accordance with the proof. It is not, therefore, necessary to use all of the terms of art to enable the jury to intelligently apply to proper principles of law to the facts contained in the evidence. This may be illustrated as well by the case in hand as in any other way. There were but two theories in this case: That of the commonwealth was that the deceased was assassinated in cold blood; that of the defense, that the accused killed the deceased in self-defense. The actual killing was not controverted. Now, the jury having heard all the evidence with reference to these two theories, were required to shape their verdict in accordance with the very truth of the matter. It was conceded, for all practical purposes, that if the killing was not in self-defense, then it was assassination; if it was done in self-defense, the accused was guiltless. Now, the court (so far as this branch of the case is concerned), in apt terms described what constituted the legal right of self-defense on the part of the accused, and, therefore, taking the instruction as a whole, it cannot be said that the substantial rights of the defendant were prejudiced, or could have been prejudiced by the omission of the word "feloniously."

The self-defense instruction (No. 3), is not susceptible of the criticism to which it is subjected by the appellant. It does not make his right of self-defense to rest alone upon the appearance of danger, thereby excluding the right of self-defense for real, although not apparent, danger. At best, this is a most unusual criti-

cism. Generally, the defendant complains that the instruction of the court excludes the right of self-defense for apparent danger, and it is not usually thought that juries need any special accentuation of real, as against apparent, danger. But, undoubtedly, it is true, that there may be actual danger without its being apparent, although this seldom occurs. An examination of the instruction complained of, however, shows that it recognizes both real and apparent danger, and in every way protects and safe-guards the interest of the accused with reference to his right of self-defense. In the case of Howard v. Commonwealth, 69 S. W. 721, 24 Ky. Law Rep. 612, the following instruction was approved: "Although the jury may believe from the evidence, beyond a reasonable doubt, that the defendant, John W. Howard, in Magoffin County, before the finding of the indictment herein, shot and killed Fred P. Simer with a pistol loaded with powder and leaden ball, or other hard and explosive substance, still if they further believe from the evidence that at the time the defendant did the shooting, if he did it, he believed and had reasonable grounds to believe, that he was in immediate danger of death or great bodily harm then about to be inflicted on him, or which reasonably appeared to the defendant about to be inflicted on him by Fred P. Simer, they will find the defendant not guilty, upon the grounds of self-defense and apparent necessity." The self-defense instruction in the case at bar is less amenable to criticism for the reasons urged by appellant than is the one in the case cited.

After the accused left the witness stand in his own behalf and all the evidence for the defense was in, he was recalled by the commonwealth's attorney, and asked if he did not say to Charles Thomas, the morning after the killing, in answer to a question as to who he thought had done the deed, that he (accused) thought Will Fisher had done it, as he lived near the

place where the tragedy occurred. The accused denied making this statement, and thereupon Thomas was introduced by the commonwealth, and contradicted him. Of this appellant most earnestly complains. The recalling of the witness was permitted by the court upon the statement of the commonwealth's attorney, that, at the time the accused was on the stand in his own behalf, he (the commonwealth's attorney) did not know of the conversation with Thomas. We do not think the court violated that sound discretion reposed in him by law to regulate the production of testimony; nor do we think that appellant was prejudiced by what happened. He admits that his whole conduct the next morning following the killing with reference to the tragedy was false. He first denied knowing anything about it, and expressed great sorrow and surprise that it had taken place. As to whether or not he had made a false statement to Thomas, added nothing to his moral turpitude in the matter. He had told falsehoods, practically, to everybody with whom he spoke regarding the occurrence, and we do not see how his contradiction on the mere question as to whether he had stated that he believed Fisher had done the deed, could have prejudiced him. The object of the contradiction was to break down the value of his testimony as a witness in his own behalf, by showing that he had made false statements with reference to it. Whether he told Thomas an additional falsehood was a matter of small importance in the general sum of his admitted mendacity.

In conclusion, we have read this record with great care, and weighed with all due consideration every objection urged by appellant to the trial which was accorded him. No error was committed to his prejudice, and upon the whole case it seems to us that he had a fair and impartial trial, and this was all to which he was entitled. Judgment affirmed.

O'REAR and NUNN, JJ., dissenting.

Petition for rehearing by appellant overruled.