Graham & Graham, Zanesville, for plaintiff in error.

Charles Leasure, Prosecuting Attorney, Zanesville, and P. H. Tannehill, Zanesville, for defendant in error.

### JOHNS v STATE

Ohio Appeals, 5th Dist, Muskingum Co

Decided Nov 25, 1931

SHERICK, PJ.

We understand it to be the well-recognized rule of this state that, when a defendant in a criminal action offers himself as a witness and testifies in his own behalf, he thereby subjects himself to the same tests as ordinarily apply to any other witness in the case. This was the holding of the Supreme Court of this state in **Hanoff v State, 37 Oh St, 178,** 41 Am. Rep., 496. Recently, in the case of **Sabo v State,. 119 Oh St, 231,** 163 NE, 28, the Supreme Court has approved of its ruling previously announced in the Hanoff case. The first proposition of the syllabus holds:

"A defendant in a criminal case voluntarily testifying in his own behalf may be cross-examined as any other witness and cannot claim as a witness the privileges which belong to him solely as the accused."

We think these authorities fully deny the claim of the defendant in that he has been compelled in this case to testify against himself.

The defendant further insists that the rebuttal testimony of·Stoneking and Hook was incompetent in view of the fact that although the defendant had pleaded "not guilty" to the charge, he had on trial admitted his guilt and participation in the crime. It is therefore apparent that the defendant was seeking by his testimony to mitigate his offense, and it was proper on behalf of the state to show any facts that might tend to aggravate the charge and show the consciousness of the guilt of the defendant. We understand the rule to be that it may always be shown that a defendant has sought to suppress evidence, or that he has fled, or made an attempt to flee from the place of the crime, or to break jail, or attempted to do so. This testimony is without question available to the state in chief, and we see no reason why such testimony might not be received in rebuttal when it tends to show the truth and veracity of a defendant who has offered himself as a witness in his own behalf, thereby making his character for truth and veracity an issue in the case. The fact that it may prove certain facts that might have been offered in chief does not change°this rule. The record in this case does not show that the defendant has been prejudiced by this testimony, and, in view of the fact that a complete record of this case is not before us, we are unable to say that he has been prejudiced thereby.

It is provided in §13442-8, **GC,** in defining the procedure of criminal trials:

"4. The state will then be confined to rebutting evidence, but the court, for good reason, in furtherance of justice, may permit evidence to be offered by either side out of its order."

The defendant contends that the court, in this instance, in permitting this testimony after the defense had rested, abused its discretion. We are unable to accede to this view. We think the rule to be as stated in Underhill on Criminal Evidence, §358, in the following language:

"Whether a witness, after he has left the stand, shall be allowed to be recalled by the party in whose behalf he testified, or for further cross-examination, is wholly discretionary with the court, and this discretion was held not to have been abused where a witness was recalled after a direct cross, redirect, and recross-examination."

We believe that the court had a right in the interests of justice, in order that the jury might be fully advised as to the degree of the defendant's guilt, if they so found, to permit this testimony in rebuttal. It does not appear from the record that the defendant was taken by surprise or that the evidence prejudiced him.

A very similar situation is to be found in a Kentucky case, that being the case of Stout v Commonwealth, 123 Ky., 184, 94 S.W., 15, 13 Ann. Cas., 547. The court therein held:

"In a prosecution for murder, after the accused left the witness stand in his own behalf and all the evidence for the defense was in, it was not an abuse of the court's

discretion to permit the commonwealth's attorney to recall the accused and examine him as to a conversation concerning the killing and afterwards to deny his testimony on that point, the commonwealth's attorney having stated that at the time the accused was on the stand in his own behalf, he did not know of the conversation."

This is the exact situation developed in this case, and we believe it to be a correct pronouncement of the law as it applies to this case.

It is the judgment of this court that this cause should be and the same is affirmed.

Judgment affirmed.

MONTGOMERY and MAUCK, JJ, (4th Dist), sitting by designation in the place of LEMERT, J, concur.