STATE OF MISSOURI, EX REL. REV. J. E. CHASE, HAROLD YANDELL, KING PINKLEY, ARCH MAYDEN, KENNETH AUBREY, C. C. CARPENTAR, DR. PAUL ROBERTS, CLAUDE BINKLEY, MARTIN HAMILTON, TED ROBINSON, CARL RAINES, ELVIN AKERS, OLEN CARR, DICK HULLENS, HOMER CHANEY, O. P. JONES, VERNON JONES, W. O. DUSTON AND JOHN DAVIDSON, RELATORS, v. HONORABLE J. S. HIERS, JIM HOLLIDAY AND PAUL DAVID, JUDGES OF THE COUNTY COURT OF TANEY COUNTY, MISSOURI, RESPONDENTS. —S. W. (2d) —.

Springfield Court of Appeals. Opinion filed October 18, 1948.

*A. L. Wright*, of Crane, and *Charles E. Ginn*, of Aurora, for Relators.

*J. R. Gideon* and *A. H. Blunk*, of Forsyth, for Respondents.

VANDEVENTER, P. J.—This is an original proceeding in mandamus. The relators alleged that on the 17th day of December, 1947 they filed in the County Court of Taney County, Missouri, a petition signed by more than one-fourth of the voters of Taney County, to wit, 919, requesting the court to submit the proposition of the removal of the seat of justice from its present site at Forsyth to Branson, at the next general election, as provided by Section 13732 R. S. Mo. 1939. It is then alleged that the respondents, the county court, took up and considered relators' petition and then made the following order:

"In the matter of the petition to remove County Seat of Justice from Forsyth, Taney County, to Branson:

"Now on this 5th day of April, 1948, this cause coming on for hearing upon the petition heretofore filed on the 17th day of December, 1947, by sundry persons purporting to be one-fourth of all the legally qualified voters of Taney County, Missouri, which petition prays this court to order that the proposition to remove the County Seat of Justice of Taney County, Missouri from the City of Forsyth, Taney County, Missouri, to the City of Branson be submitted to the qualified voters of said Taney County, Missouri, on the 2nd day of November, 1948, and the Court after examining said petition and after hearing the evidence adduced herein, and after being fully advised in the premises finds that the said petition did not obtain sufficient number of names. And the said petition was rejected."

It is further alleged that it was the mandatory duty of the respondents, as judges of the county court, upon the presentation to them of a proper petition requesting an election on said proposition, to order the same placed upon the ballots at the next general election; that in refusing to order said proposition placed upon said ballots, the court acted arbitrarily, unreasonably and capriciously.

It was further alleged that no vote had been taken upon the proposition to move said seat of justice within 5 years prior to that time.

The relators further stated that after due notice to respondents, they applied for a writ of mandamus in the circuit court of Taney County, Missouri, praying that respondents be directed to place said proposition upon the ballots or to show cause for their failure to do so, but that said petition was refused. Hence, their application to this court. The prayer was as follows:

"WHEREFORE, Relators respectfully pray the Court that a peremptory writ of mandamus be issued out of this court commanding the Honorable J. S. Hiers, presiding judge, and Jim Holliday and Paul David, as associate judges, to set aside their former order refusing to place said proposition upon the ballots for the next general election, and that they be ordered and directed to make an order of record directing that the proposition to remove the Seat of Justice of Taney County, Missouri, to Branson, Missouri, be submitted to the qualified voters of Taney County, Missouri, at the next general election to be held in said County on November 2nd, 1948, and that they shall order public notice given of such proposed removal and election thereon by publication and handbill form as provided by law."

We issued our alternative writ following the allegations of the petition. These need not be restated. To this writ a return has been filed by respondents and at the same time they filed a motion to quash the alternative writ on the ground (among others) that respondents' action in rejecting the petition was discretionary and not subject to control by mandamus.

It will be noticed that in plaintiffs' petition, we are asked to compel the county court, by our writ, to set aside an order alleged to have been made by it, "refusing to place said proposition upon the ballots for the next general election," and to order and direct it to enter an order submitting the matter to the voters and to give the required notices as required by law. The law seems to be that he, who seeks a writ of mandamus, must in his prayer specify exactly what he wants, nothing more, nothing less, and that unless we can grant the relief asked for, we can grant no relief. State ex rel. Hart et al. v. City of St. Louis et al. (Mo. Sup.) 204 S. W. (2) 234.

Section 13732 provides that whenever one-fourth of the voters of any county shall petition the county court for a removal of the seat of justice of such county to any other place, the court shall make an order directing that the proposition to remove said seat of justice, named in the petition, be submitted to the voters at the next general election and shall give proper notice thereof as required by the statute. The first step, before the county court is authorized to call the election, is the filing of a proper petition, that is, one that is signed by more than one-fourth of the voters of the county. It is only upon the filing of this proper petition that the county court can legally make the order submitting the matter to the voters at the

general election. The question is, whose duty is it to pass upon the sufficiency of the petition? Certainly it must be that of the county court. They must first ascertain whether they have the right to make the order submitting the proposition. The question of whether or not a proper petition has been presented to them is a matter of which they have absolute and sole jurisdiction. In passing upon that question they must exercise their discretion. State ex rel. Heller vs. Thornhill, 174 Mo. App. 469, 160 S. W. 558. State ex rel. Bismark Grill vs. Kiernan, 238 Mo. App. 507, 181 S. W. (2) 798. The order made by it, and set out in relators' petition, in haec verba, indicates that it has done so. It permitted the filing of the petition. It was on file for several months. The case was called up for hearing, the petition was read, respondents became familiar with the provisions. The record recites that it heard evidence thereon and was fully advised in the premises and then it found that "the said petition did not obtain (contain) sufficient number of names." The petition was therefore rejected. No order was made specifically refusing to place the proposition on the ballots.

In the petition of relators and in the writ, it is alleged that respondents acted arbitrarily, unreasonably, and capriciously. This allegation is a mere conclusion. Corley et al. vs. Montgomery et al., 226 Mo. App. 798, 46 S. W. (2) 285. Billings Utility Co. vs. Advisory Committee etc. (8th Cir.) 135 Fed. (2) 108. Ricketts vs. Crowdson, 13 Wyo. 284; 79 Pac. 1042, 81 Pac. 1. Bunton vs. Rock Springs Grazing Ass'n., 29 Wyo. 461, 215 Pac. 244. Morley vs. Wilson, 261 Mass. 269, 159 N. E. 41.

The petition and the writ contain no statement of facts that support the legal conclusion that the court acted arbitrarily, unreasonably and capriciously. "Legal conclusions do no harm if they appear as the result of, or are supported by, pleaded issuable facts; but when they are unaccompanied by such facts, then they render the petition demurrable." Corley et al. vs. Montgomery, et al., supra.

Here, there is no such supporting statement of facts. On the contrary, the order of the county court is pleaded, which, instead of showing arbitrary and capricious action on the part of the court, shows that they followed an orderly and legal procedure.

What relators really ask this court to do is to direct the county court of Taney County to make an order submitting the question to the voters, although the jurisdictional petition has been found insufficient. If relators' prayer should be construed to mean that we are asked to direct the county court to make an order holding the petition sufficient, we have no such authority because it is universally held that while we may by mandamus compel an inferior tribunal to act judicially or to perform a ministerial act, that we have no authority to control its decision on a discretionary matter or tell it how a question should be decided, or require it to decide

such question in a particular way. State ex rel. Brown vs. Stiff, 104 Mo. App. 685, 78 S. W. 675. State ex rel. Folkers vs. Welsch, 235 Mo. App. 15, 124 S. W. (2) 636. State ex rel. Rice vs. Thompson et al. (Mo. App.), 203 S. W. (2) 881. Baker vs. Tener (Mo. App.), 112 S. W. (2) 351. State ex rel. Hutton vs. Scott Co. Ct. (Mo.), 197 S. W. 347. State ex rel. Howe vs. Hughes, 123 S. W. (2) 105, 343 Mo. 827.

We are not deciding that relators did not have or do not have any other remedy, (see State ex rel. Heller vs. Thornhill, supra.) but absence of an adequate remedy does not always justify the issuing of a writ of mandamus. State ex rel. Tate, vs. Sevier, Cir. J., 334 Mo. 771, 68 S. W. (2) 50. (Sup. Court in Banc.)

The case of State ex rel. Allman et al. s. Deatherage et al. (Mo. App.) 120 S. W. (2) 193 has been cited as authority by the relators. That was a mandamus action directed against the judges of the county court of Shannon County seeking to compel that court to call an election. A petition had been presented to that court allegedly signed by one-fourth of the voters and on the 8th day of August, 1938, the court made the following order:

"Ex Parte

"In the Matter of petition to move county seat. Motion to accept petition as presented and call election November 8, 1938, made by Judge W. N. Bradford. Motion put to vote and petition rejected."

A motion to quash this writ was filed but a return or answer to the writ having been filed also, the motion to quash was considered under the law as it then existed, as having been abandoned on the theory that it was not possible to demur and plead at the same time. The pleadings presented a purely factual question and a special commissioner was appointed by this court for the purpose of taking the testimony and making a finding of facts and submitting his conclusions of law. The evidence before the commissioner showed that the petition was signed by one-fourth the voters of Shannon County but the respondents (county court) refused to accept the petition and call an election, although there was no evidence before them that the petition was not properly circulated and signed. In other words, all the evidence before the commissioner conclusively showed, and he so found, that a proper petition was filed before the county court but that they still refused to perform the ministerial duty of calling the election. The respondents refused to offer any evidence before the commissioner in support of the allegations of their return. The order of the county court above quoted, showed that the county court arbitrarily refused to accept the petition as presented. It does not show that a hearing was had on the petition or that it was found inadequate. Under those circumstances, this court held that it could be required by mandamus to submit the proposition to the voters.

That is not the case here. In the case before us, the petition was received and filed, set for hearing, the parties appeared before the county court, the petition was considered, evidence was heard and a finding made that the petition did not contain the proper number of signatures. This order does not show that the action of the respondents was arbitrary, unreasonable and capricious but quite the contrary. The alternative writ of mandamus in this case was improvidently issued and should be quashed. It is so ordered. *Blair* and *McDowell, JJ.,* concur.