STATE of Missouri ex rel. Samuel D. NICHOLS, Relator,

v.

Honorable William H. KILLOREN, Judge of the Circuit Court of the City of St. Louis, and Honorable John W. Calhoun, acting as Duly Appointed Special Commissioner of said Court, Respondents.

No. 29066.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Rehearing Denied Jan. 13, 1956.

·Samuel D. Nichols, Lebanon, Tenn., pro se.

Daniel Bartlett, Richard O. Rumer, William Morgan Ward, St. Louis, for respondents.

## WALTER E. BAILEY, Special Judge.

This is an original proceeding in mandamus pursuant to our alternative writ issued on the petition of relator, Samuel D. Nichols on May 17, 1954, commanding respondents, William H. Killoren, as Judge of the Circuit Court of the City of St. Louis and John W. Calhoun, Special Commissioner of said Court, for the taking of depositions, to forthwith grant to relator the immediate right of deposition against William H. Moulton, in the suit now pending in the Circuit Court of the City of St: Louis, Division 3, known and styled as Samuel D. Nichols, plaintiff and William H. Moulton, defendant, or else show cause why they should not do so. Respondents, in due time filed their return to said writ and on October 22, 1954, relator filed his answer to said return.

The record in this case shows that John W. Calhoun was duly appointed Special Commissioner to take the deposition of William H. Moulton, defendant in the suit above referred to. At the first setting for the taking of said deposition before the Commissioner, on February 3, 1954, defendant Moulton did not appear but was represented by his attorney who objected to the taking of defendant's testimony by oral examination because of defendant's physical condition. Thereupon Respondent Calhoun requested a letter from defendant Moulton's doctor relative to said defendant's physical condition and continued the taking of the deposition to February 12, 1954. On said date relator appeared in person and defendant again by his attorney, who presented a letter from Dr. Karl F. Koenig fully describing defendant's physical condition and indicating his condition was· such that the taking of his deposition orally might endanger his life.

Thereupon relator Nichols announced his intention to apply to Judge Killoren, respondent herein, for the · appointment by the Court of a physician to make a physical examination of the defendant and to report thereon, and the taking of the deposition was again continued to. February 19, 1954. At the request of Relator, Judge Killoren appointed Dr. Archie D. Carr, a specialist, to examine defendant and report. This examination was made and a report thereof presented to Respondent Calhoun who found that Dr. Carr's examination and conclusions confirmed the findings and conclusions of Dr. Koenig as to defendant's physical condition and Respondent Calhoun thereupon again continued the taking of the deposition in order to obtain a judicial ruling from Judge Killoren as to the manner in which the testimony of defendant should be elicited. Thereafter, at a hearing on the matter, Judge Killoren referred it back to Respondent Calhoun, to receive evidence as to defendant's condition and to use his discretion in ruling upon the question presented.

Thereafter, in compliance with the order of Respondent Judge Killoren, the Commissioner on February 26, 1954 again had the parties present for the purpose of taking the deposition of the defendant William H. Moulton who appeared by his counsel, as before. The evidence of Dr. Karl F. Koenig, defendant's physician, called as a witness for defendant and the evidence of Dr. Archie D. Carr, called as a witness for the Relator was heard by the Commissioner. Also called as witnesses for the Relator was one Oliver Hoisen and Adah Allen. The two doctors' testimony was in line with their previous statements in regard to the health of the defendant. From their evidence it appears definitely that defendant is of advanced age; that he is suffering from cerebral arteriosclerosis, aphasia and Parkinson's disease; that defendant is at times unable to recall the names of persons and things; that his speech is at times entirely blocked and that defendant experiences considerable difficulty in writing and that by reason of

such conditions oral examination of defendant would jeopardize his health and might even be fatal. These witnesses were cross-examined at some length by the Relator but the opinions of the physicians, as above set forth, were unshaken. The witness Oliver Hoisen testified for Relator that he was doorman at the Missouri Athletic Club and was well acquainted with William H. Moulton; that the said William H. Moulton frequented the club four or five times a week at noontime. The witness Adah Allen for the Relator testified that she was secretary to the defendant William H. Moulton and had been his secretary for 38 years; that Mr. William H. Moulton dictates some letters but very few; that he does not at this time come regularly to the office and when he does he is brought by his son; that he dictates a very few business letters. The Respondent Calhoun after hearing the witnesses as aforesaid took the matter under advisement, continued the cause to March 5, 1954 on which date the parties again appeared before him (Relator in person and defendant by his counsel) and said Respondent found that upon the evidence before him the defendant was not in physical condition to be produced as a witness and subjected to direct examination and cross-examination at said time for the reason that it would be hazardous to his health and that the matter called for the exercise of discretion of the Special Commissioner and in the exercise of such discretion Respondent Calhoun ruled that Relator prepare and submit in writing whatever questions he desired to have the defendant answer; that the defendant would be required to appear at Respondent Calhoun's office and read and answer the questions at his leisure and under oath so that he would not be subjected to severe examination by either the Relator or by defendant's counsel, and that if the Respondent Calhoun should find the defendant could not answer the questions defendant would be permitted to leave the questions and come back at a time when he could. Upon objection of Relator Respondent Calhoun certified his ruling to Judge Killoren. A further hearing was held before Judge Killoren on April 7, 1954 at which time the transcripts of the testimony of the two doctors and the other witnesses were before the Court and used as evidence. The Court, after an extensive statement as to his conception of the law, ruled that he could not follow the Commissioner with reference to that part of the Commissioner's ruling in which he stated that the interrogatories *may be answered by the witness at his leisure.* He further ruled that in his opinion Judge Calhoun was within his rights to exercise his discretion insofar as the taking of depositions was concerned, but he suggested that as to the interrogatories, as soon as they were propounded and after they had been passed upon as to which ones were competent and which were not competent, the witness should be sent for and before a reporter the questions should be propounded to him in Judge Calhoun's office by Judge Calhoun and the answers there made. There were no further hearings and the present mandamus proceedings were instituted thereafter by the Relator herein.

Briefly stated, the situation at the time our alternative writ was issued was that the special commissioner had ruled that defendant Moulton would not be required to have his deposition taken orally but that it could be taken before the Commissioner by written interrogatories which he could answer at his leisure. This ruling was modified by the Circuit Court to the extent of eliminating the words "at his leisure," and it was ordered that as soon as the interrogatories were propounded and after they had been passed upon as to which interrogatories were competent, the witness should appear before the Commissioner and a court reporter and there answer the questions.

It appears to be Relator's chief complaint that Respondents exceeded and abused their authority by denying Relator his legal right to take Mr. Moulton's oral examination. Relator's brief is void of any citation of authorities, but consists mostly of references (or tirades) to iso-

lated statements made either by the Judge or his Commissioner indicating, according to Relator, that the Judge and Commissioner were in doubt as to the legality of the procedure which they had ordered as above set forth. It further appears that Relator assumes that the right of deposition afforded by Section 492.080 RSMo 1949, V.A.M.S., is an absolute one and the Court has no discretion in the matter.

 The right of a party litigant to take the deposition of any witness in a suit at law is of statutory origin. RSMo 1825, p. 323. The word deposition in legal terminology has been defined as "the testimony of a witness, taken in writing, under oath or affirmation, before some judicial officer, in answer to interrogatories, oral or written." 26 C.J.S. Depositions, § 1, p. 807. This right of deposition is in a sense an absolute right, but the manner of taking the deposition of a witness is dependent upon circumstances. The Court is clothed with wide discretion in controlling the manner in which a deposition may be taken. The privilege of examining a witness in a pending suit by written interrogatories, is likewise of long standing in this state, RSMo 1825 p. 324, and the law as now enacted specifically states that the interrogatories shall be taken upon such terms as the Court to whom application for their taking has been made, shall think proper. Section 492.220 RSMo 1949, V.A.M.S. In an early case the trial court granted a commission to examine witnesses by interrogatories and at the same time allowed the adverse party time to file cross-interrogatories, which he refused to do, demanding the right of oral cross-examination. It was held in that case that the trial 'court' had large discretion as to the terms upon which it will grant the commission and that the adverse party was not entitled to exercise the right of cross-examination but should have filed cross-interrogatories. Shepard v. Missouri Pac. Ry. Co., 85 Mo. 629. In 58 Amer.Jur. Sec. 555, p. 309, referring to the general powers of a trial court in regard to the examination of witnesses, it is said: "The trial judge is vested with considerable discretion in regulating the manner of examination of witnesses and his exercise of that discretion will not be disturbed unless it has been abused or substantial harm has been done to the complaining party. (Conner v. State, 25 Ga. 515, 71 Am.Dec. 184; State v. Brady, 100 Iowa 191, 69 N.W. 290, 36 L.R.A. 693, 62 Am.St.Rep. 560; Stout v. Com., 123 Ky. 184, 94 S.W. 15, 13 Ann. Cas. 547; Turney v. State, 8 Smedes & M. (Miss.) 104, 47 Am.Dec. 74; Pumphrey v. State, 84 Neb. 636, 122 N.W. 19, 23 L.R.A., N.S., 1023, 18 Ann.Cas. 979; Butler v. Parrocha, 186 Va. 426, 43 S.E.2d 1, Citing RCL. The matter of permitting repetition of a question on cross-examination is within the court's discretion. Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563, writ of certiorari denied in 310 U.S. 648, 60 S.Ct. 1100, 84 L.Ed. 1414). Indeed, it has been held that the mode of examination of a witness allowed by the lower court will not be criticized or reviewed unless it is apparent that some gross injustice resulted therefrom. (Tapley v. Tapley, 10 Minn. 448, Gil. 360, 88 Am.Dec. 76.)"

This principle has been adhered to by the Supreme Court of this state in many cases. State v. Howard, 118 Mo. 127, 24 S.W. 41; Daudt v. Steiert, Mo., 205 S.W. 222; State v. Shelton, 351 Mo. 799, 174 S. W.2d 202. While these cases refer to the examination of witnesses in open court, there should be no doubt that the trial court's discretion as to the manner of examining witnesses should not be limited to the courtroom. The trial court in this case heard testimony of two doctors to the effect that to examine the defendant orally and subject him to cross-examination might result in his death. He is old, sick and feeble. To say the trial court and the commissioner could not consider these facts, coming from the lips of two eminent doctors, one of whom was appointed by the court, would indeed be a travesty on the administration of justice. The Supreme Court of Alabama in approving the taking of testimony by written memoran-

dum expressed a sentiment and the law as we see it, as follows: "Every court has the power to preserve the common decencies of life. In the exercise of this power, the constitutional rights of parties and witnesses duly observed, the courts exercise a large discretion in respect to the mode of examining witnesses." Johnson v. Johnson, 201 Ala. 41, 77 So. 335, 338, 6 A.L.R. 1031.

The Commissioner appointed by the Court in this case, who is one of the Respondents, stands in the same position as the Judge himself as to the right of exercising his discretion. In the case of State ex rel. Ford v. Rudolph, Mo.App., 29 S.W.2d 199, 200, the late and eminent Judge Bennick, speaking for this court said: "(1) In proceeding to take the deposition in question, respondent was acting in a judicial capacity and as a temporary substitute for the court (Burnett v. Prince, 272 Mo. 68, 75, 197 S.W. 241; In re Noell, 220 Mo.App. 702, 293 S.W. 488; Ex parte Alexander, 163 Mo.App. 615, 147 S.W. 521); and not only in taking down the questions and answers, but also in the conduct of the whole proceeding he was required to exercise a judicious and judicial discretion. Redmond v. Quincy, O. & K. C. R. Co., 225 Mo. 721, 733, 126 S.W. 159."

There has been no denial of Relator's right in this case to procure the testimony of defendant. He has been denied only the right to examine defendant orally. The trial court and Commissioner apparently bent over backwards, so to speak, in trying to afford Relator an opportunity to procure the testimony of defendant in some manner satisfactory to him, short of the right of oral cross-examination. They were completely justified under the evidence before them in denying the right of oral examination and there certainly was no abuse of discretion on their part.

The law is so well settled in all jurisdictions of these United States that the appellate court will not disturb the proper exercise of the judicial discretionary powers of the lower court nor attempt to compel the exercise of such discretion in a particular way, that no citation of authorities seems necessary. 34 Amer.Jur., Sec. 68, p. 856; State ex rel. Clark v. West, 272 Mo. 304, 198 S.W. 1111; State ex rel. Chase v. Hiers, 240 Mo.App. 99, 217 S.W. 2d 577; State ex rel. Brunjes v. Linville, Mo., 8 S.W.2d 623.

We are of the opinion that our alternative writ of mandamus heretofore issued should be quashed. It is so ordered.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.